IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOUIS AGRE, WILLIAM EWING, FLOYD MONTGOMERY, JOY MONTGOMERY, RAYMAN SOLOMON<br><br>v.<br><br>THOMAS W. WOLF, Governor of Pennsylvania, PEDRO CORTES, Secretary of State of Pennsylvania, JONATHAN MARKS, Commissioner of the Bureau of Elections – in their official capacities | CIVIL ACTION<br><br>NO. 17-4392 |
|---|---|

### STATEMENT OF REASONS FOR THE COURT'S DECISION ON THE MOTION TO DISMISS (ECF 45, Exh. 1)

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

In deciding the Legislative Intervenors' Motion to Dismiss, the Court applied the usual standard for determining Rule 12(b)(6) motions, for failure to state a claim upon which relief can be granted, which requires the Court to accept the truth of the well-pleaded factual allegations, together with all inferences favorable to the Plaintiffs.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84(3d Cir. 2011).

Considering Twombly and Iqbal, as well as the Third Circuit's decision in Burch v. Milberg Factors, Inc., 662 F.3d 212 (3d Cir. 2011), the Court concluded that the factual allegations as to Count I, based on the Elections Clause of the Constitution, were sufficiently detailed, and if true, could be found plausible.  Applying this standard, the Court denied the Motion to Dismiss as to Count I, which is based on the Elections Clause.  The United States Supreme Court has never decided a so-called "gerrymandering" case on Election Clause grounds—and we concluded that Plaintiffs should be given an opportunity to present their evidence at a trial.  Our decision to allow this claim to proceed to trial does not reflect any view

on the substantive merits of the claim. That remains for proof at trial and legal arguments following the presentation of evidence.

The Court granted the Motion to Dismiss as to Count II, which asserted a vague allegation of a relationship between the Elections Clause and the Equal Protection Clause of the Fourteenth Amendment, which the Court concluded does not state a claim.

While the Supreme Court has repeatedly recognized Equal Protection Clause challenges to redistricting legislation where racial gerrymandering is at issue,[1] the viability of Equal Protection Clause challenges to political gerrymandering has been much more controversial.  In Davis v. Bandemer, 478 U.S. 109 (1986), a majority of the Supreme Court held that challenges to a political gerrymander can be properly brought under the theory that such a scheme violates the Equal Protection Clause, though there was no majority agreement on what the standard should be for evaluating such a claim.  Davis, 478 U.S. at 118-43, 161-62.  Eighteen years later, in Vieth v. Jubelirer, 541 U.S. 267 (2004), no consensus having been reached on the appropriate standard, a plurality of four Justices concluded that Bandemer was wrongly decided and that political gerrymandering claims are in fact nonjusticiable.  Vieth, 541 U.S. at 281.  Because Vieth was a plurality decision, it did not effectively overturn the justiciability holding from Bandemer.[2]  A majority of the Supreme Court has never, however, held that a particular instance of partisan gerrymandering violates the Equal Protection Clause.  Nor has a majority of the Supreme Court agreed upon a standard for reviewing such a claim.

---

[1] Shaw v. Reno, 509 U.S. 630 (1993) (Shaw I); Miller v. Johnson, 515 U.S. 900 (1995); Shaw v. Hunt, 517 U.S. 899, (1996) (Shaw II); Ala. Legis. Black Caucus v. Ala., 135 S.Ct. 1257 (2015).

[2] Two years later in League of United Latin Am. Citizens v. Perry, 548 U.S. 399 (2006) ("LULAC"), Justice Kennedy reflected on the impact of Vieth, noting that "[a] plurality of the Court . . . would have held [political gerrymandering] challenges to be nonjusticiable political questions, but a majority declined to do so." Id. at 414. Ultimately the LULAC plurality chose to avoid the issue of justiciability, but "d[id] proceed to examine whether appellants' claims offer the Court a manageable, reliable measure of fairness for determining whether a partisan gerrymander violates the Constitution." Id.

Rather than attempt to provide a yet-unfound justiciable standard, Plaintiffs' Equal Protection Clause claim appears to rely on an underlying Elections Clause claim. They allege that the "unequal classification of plaintiffs in this manner . . . is illegal because it is beyond the authority of the General Assembly under the Elections Clause." (ECF 1, Compl. ¶ 44). This added element only confuses the issue further. Plaintiffs have not clearly articulated a legitimate theory on which relief can be granted under what appears to be a novel and hybrid combination of the Equal Protection Clause and the Elections Clause. Moreover, this Court concluded that reliance on the Equal Protection Clause would not grant any relief to the Plaintiffs that they cannot achieve if they are successful on Count I.

As to Count III, based on the First Amendment, the Court dismissed without prejudice and with leave to amend. This count presents possible contentions that may yet be legally plausible. The Court determined, however, that Plaintiffs must amend their Complaint to state more specific allegations showing a connection between the Elections Clause and the Freedom of Speech Clause in the First Amendment.

At present, the Complaint appears to allege that the 2011 district map packs Democrats into districts saturated with fellow Democrats, thus depriving these voters of the opportunity to "speak and engage with likely Republican voters." (Compl. ¶ 8). This, they assert, is a time, place, and manner restriction on speech violating their First Amendment rights because it determines "<u>where</u> plaintiffs can engage in meaningful speech and speech related conduct" related to the election of their congressional representatives. (Compl. ¶ 50) (emphasis added). As pleaded, Plaintiffs' attempts to "speak and engage" and the ways in which those attempts may have been restricted or burdened as a result of the 2011 map standing alone, are insufficient. The panel was confused at oral argument regarding how the Elections Clause may be used to "enforce" the First Amendment, as counsel put it. Accordingly, we have afforded Plaintiffs an

opportunity to amend their Complaint and possibly provide sufficient factual details concerning the relationship between the Elections Clause and the First Amendment.

As to the standing issue, this Court notes the decision of a previous three judge court sitting within the Third Circuit in Vieth v. Pennsylvania, 188 F. Supp. 2d 532, 539-40 (M.D. Pa. 2002), which upheld standing.[3] The Vieth court observed that the injury of partisan gerrymandering is not limited to any one particular district, but rather lies in "the configuration of the districts as a whole when they serve to disadvantage a certain class of voters." Id. at 540. As such, the Court held that "a plaintiff in a partisan gerrymandering claim need not allege that he lives in a particular district that has been gerrymandered on the basis of political affiliation." Id. This determination was not disturbed when the decision of the three judge court was affirmed in Vieth v. Jubelirer, 541 U.S. 267 (2004). That said, a similar approach to standing was recently subjected to thorough questioning by the U.S. Supreme Court in Gill v. Whitford, No. 16-1611, October 3, 2017 Oral Argument. Thus, in view of Plaintiffs' offer to add a voter from each congressional district in Pennsylvania, which this Court has allowed and expects will happen when the Plaintiffs file their Amended Complaint, the Court expects there will be standing to pursue a statewide challenge to the redistricting map.

Lastly, as to the laches argument, the Court rejects dismissal of the Complaint on this ground. Laches is "a defense developed by courts of equity to protect defendants against unreasonable, prejudicial delay in commencing suit." SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC, 137 S. Ct. 954, 960 (2017) (internal quotations omitted) (citing Petrella v. Metro-Goldwyn-Mayer, Inc., 134 S. Ct. 1962, 1967 (2014)). In the Third Circuit, "[l]aches consists of two elements: (1) inexcusable delay in bringing suit, and (2) prejudice to the

---

[3] "[T]o survive a motion to dismiss for lack of standing [under Rule 12(b)(1)], a plaintiff 'must allege facts that affirmatively and plausibly suggest that it has standing to sue.'" Finkelman v. Nat'l Football League, 810 F.3d 187, 194 (3d Cir. 2016) (internal citation omitted).

defendant as a result of the delay." Santana Prods., Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 138 (3d Cir. 2005).

Legislative Intervenors accuse Plaintiffs of unreasonably delaying their challenges to a map developed in 2011. They rely on White v. Daniel, 909 F.2d 99 (4th Cir. 1990), in which the Fourth Circuit dismissed a Voting Rights Act case on laches grounds where the plaintiffs brought suit some seventeen years after the redistricting at issue and only sixteen months prior to the next census. Plaintiffs respond that each election held pursuant to unlawful gerrymandering is its own constitutional deprivation, and assert that they seek relief only for the 2018 and 2020 elections, which have yet to be held. Ultimately, the Court will not dismiss the entire Complaint on laches grounds because the Plaintiffs have alleged a continuing violation of a Constitutional right.

The Court is aware of the Legislative- Intervenors' "Motion Requesting that Plaintiffs be Ordered to Identify in their Amended Complaint the Standard of Proof Applicable to their Elections Clause Claim" (ECF 79). This motion will be **DENIED** without prejudice at this time. The Court reserves decision as to whether to require the Plaintiffs to formally propose a standard of proof, and any shifting burden, prior to trial and may hear argument on this issue at the pretrial hearing on December 4, 2017.

**BY THE COURT:**

**11/16/17**

/s/ Michael M. Baylson

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-4392 Agre v Wolf\17cv4392 Statement of Reasons on Motion to Dismiss.docx