IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Louis Agre *et al.*, : | |
| : | |
| Plaintiffs, : | Civil Action No. 2:17-cv-4392 |
| : | |
| v. : | |
| : | |
| Thomas W. Wolf *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

**LEGISLATIVE DEFENDANTS MICHAEL C. TURZAI
and JOSEPH B. SCARNATI III'S MEMORANDUM OF LAW IN SUPPORT OF THEIR
EMERGENCY MOTION TO COMPEL AND/OR MOTION FOR SANCTIONS**

Legislative Defendants Michael C. Turzai and Joseph B. Scarnati III (collectively, "Legislative Defendants") submit this Memorandum of Law in Support of their Emergency Motion to Compel and/or Motion for Sanctions. In a case asserting violations of the United States Constitution by the Commonwealth of Pennsylvania's government, after waiting three election cycles, Plaintiffs filed a complaint about the 2011 Congressional Districting Map (the "2011 Plan") approximately four months before the primary elections qualifying period opens in February of 2018. Over the objections of Legislative Defendants, this Court set an expedited trial schedule, and then permitted amendment of the Complaint a mere 16 days before trial. At this point in time, Plaintiffs' counsel has not provided Legislative Defendants even the most basic information about the 21 new plaintiffs added via Plaintiffs' First Amended Complaint. (*See* ECF No. 88). The identification of such Plaintiffs and pre-trial inquiry into such Plaintiffs' specific claims of harm and standing are critical as trial rapidly approaches. As this Court is well aware, standing in redistricting cases is both a serious and a threshold issue, and it is expected to be one of the main points of contention at trial. This is especially so because, as outlined below,

four of the original Plaintiffs in this matter have already testified at their depositions that they suffered no particular harm from the 2011 Plan.

## I. RELEVANT BACKGROUND

On November 17, 2017 on or about 3:00 p.m. (16 calendar days and 8 business days before the start of trial in this matter), Plaintiffs filed their First Amended Complaint in which Plaintiffs identified for the first time twenty-one (21) new Plaintiffs (the "New Plaintiffs") in order to name a party purportedly residing in each of Pennsylvania's 18 Congressional Districts. (ECF No. 88). That same day Legislative Defendants served Notices of Depositions directed to each New Plaintiff, directing those parties to appear for deposition starting at 1:00 p.m. on Monday, November 20, 2017 at the offices of Blank Rome in Philadelphia, and continuing through Wednesday, November 22, 2017 until all 21 depositions were completed.[1] *See* **Exhibit A**, the 21 Notices of Deposition and Deposition Schedule for the 21 New Plaintiffs. Also during the evening of November 17, Legislative Defendants served on New Plaintiffs their First Sets of Interrogatories, Requests for Production of Documents and Requests for Admission (the "Discovery Requests"). *See* **Exhibit B**, the Discovery Requests.

Prior to the filing of the Fist Amended Complaint, Legislative Defendants' counsel informed Plaintiffs' counsel that they intended to depose any and all new Plaintiffs yet to be named and that they would serve upon the New Plaintiffs written discovery requests identical to those served on the original Plaintiffs on October 13, 2017. By letter dated November 15, 2017,

---

[1] While Rule 30(a)(2)(A)(i) generally limits a party to 10 depositions, this limitation may be extended by leave of Court. The scope and extent of discovery is generally addressed by the parties with the Court during the initial Rule 16 case management conference. As the Court is aware, such a conference has never been held in this matter and the parties were not required to exchange Rule 26(a)(1) initial disclosures. In light of that and given that New Plaintiffs were only identified with the filing of the First Amended Complaint, the issue of the number of depositions did not arise until now. In the event New Plaintiffs attempt to object to the noticed depositions based on the number, such an objection would be unfounded. Courts routinely permit extensions to the total number of depositions in a given case, as they are required to do so in the interests of justice. *See* FED. R. CIV. P. 30(a)(2)("the court must grant leave to extent consistent with Rule 26(b)(1) and (2)").

Legislative Defendants confirmed the same in writing to Plaintiffs' counsel and requested for a second time that Plaintiffs provide information regarding the yet to be named New Plaintiffs. *See* **Exhibit C**, 11/15/2017 Letter from K. Gallagher to A. Ballard. These requests went ignored and unanswered.[2]

On Saturday, November 18, 2017, counsel for Legislative Defendants requested via e-mail that Plaintiffs' counsel confirm by 1 p.m. on Sunday, November 19 if New Plaintiffs would appear for their depositions as noticed and if they would be responding to the Discovery Requests prior to those depositions. *See* **Exhibit D**, 11/18/2017 E-mail from C. McGee to A. Ballard. Attorney for New Plaintiffs, Brian Gordon responded and proposed that instead of responding to Legislative Defendants' discovery, New Plaintiffs would: (a) answer a limited number of written discovery requests and produce only certain documents; (b) be deposed by telephone, limiting the time to an hour or less (subject to variation) and after business hours in order to accommodate work schedules; and, (c) produce a written letter regarding New Plaintiffs' alleged harm. *See* **Exhibit E**, 11/19/2017 E-mail from B. Gordon to C. McGee.

Legislative Defendants promptly replied that New Plaintiffs' proposed course to complete discovery as to New Plaintiffs was not acceptable. *See* **Exhibit F**, 11/19/2017 E-mail from C. McGee to B. Gordon. However, in an attempt to try to accommodate the travel and schedules of New Plaintiffs, Legislative Defendants offered to conduct the depositions in Pittsburgh, Harrisburg and Philadelphia between Tuesday and Thursday, November 21-23, and to let Plaintiffs choose the location, date and time of their deposition. *See* **Exhibit F**. Legislative Defendants requested a response on that proposed scheduling by 6 p.m. on Sunday so as to

---

[2] This letter further requested that the original Plaintiffs provide full and complete responses and documents to certain requests for production which, as Legislative Defendants' counsel learned through the depositions of Plaintiffs Joy and Floyd Montgomery, were not addressed or requested of Plaintiffs by their counsel. *See* **Exhibit C**, at p. 2. This request too has been ignored by Plaintiffs. Legislative Defendants reserve the right to seek further relief in this regard.

3

enable Legislative Defendants to properly staff the depositions. *Id.* As of the filing of this Motion, New Plaintiffs have not responded to Legislative Defendants' offer, nor have they provided responses to the Discovery Requests. As such, 14 calendar days, and eight business days before the start of the trial in this matter, Legislative Defendants do not even have the addresses of New Plaintiffs so as to enable them to conduct any due diligence on these persons who allege that an action of the Commonwealth of Pennsylvania violates the United States Constitution – a most serious charge.

Consequently and for the reasons explained *infra*, the Court should enter an order directing New Plaintiffs (1) to appear for their depositions as noticed by Legislative Defendants in Philadelphia, Pennsylvania on Tuesday, November 21, Wednesday, November 22 and Thursday, November 23, 2017; and, (2) to provide full and complete answers to the Discovery Requests by no later than 9:00 a.m. on Tuesday, November 21, 2017. Legislative Defendants also request that in addition to, or in the alternative, the Court enter an order either (a) dismissing New Plaintiffs, with prejudice, for their bad faith refusal to engage in proper discovery, or (b) precluding them from offering any testimony and/or evidence at trial.[3]

## II. MOTION TO COMPEL NEW PLAINTIFFS' DEPOSITIONS AND THEIR FULL AND COMPLETE ANSWERS TO LEGISLATIVE DEFENDANTS' DISCOVERY REQUESTS

### A. New Plaintiffs Are Required To Appear For Their Depositions In The Eastern District of Pennsylvania

As identified above, Legislative Defendants properly served New Plaintiffs with Notices of Deposition the same day the First Amended Complaint was filed. Further, counsel for Plaintiffs was advised several days prior that Legislative Defendants intended to depose each of the yet to be named New Plaintiffs. *See* **Exhibit C**. At no point in time prior to Sunday,

---

[3] As reflected through the correspondence attached as **Exhibits D, E** and **F**, the parties attempted to meet and confer in an attempt to resolve the dispute at issue herein. However, the parties were unable to reach a resolution.

4

November 19 have Plaintiffs' counsel or New Plaintiffs advised Legislative Defendants that they would seek to avoid having to sit for a full, live deposition. For several reasons, New Plaintiffs' attempts to shirk their obligations to be subject to live depositions within this Court's geographical boundaries should be rejected by the Court.

*First*, New Plaintiffs' complaints regarding the alleged hardship they would suffer by being required to travel to Philadelphia are not valid grounds for demanding telephonic depositions. Under Fed.R.Civ.P. 30(b)(1), the location of a deposition is first left to the party noticing the deposition. And, a plaintiff will be required to make himself or herself available for examination in the district in which suit was brought because the plaintiff selected the forum. Wright & Miller, *Federal Practice and Procedure*, § 2112 (1994); *see also United States v. Rock Springs Vista Dev*., 185 F.R.D. 603, 604 (D. Nev. 1999); *McGinley v. Baratta*, 2006 U.S. Dist. LEXIS 55164, 2006 WL 2346301, at *1 (E.D. Pa., filed Aug. 11, 2006) (compelling plaintiffs to come from Florida to Philadelphia for in-person depositions) (*quoting Sampathachar v. Federal Kemper Life Assurance Co*., 2004 U.S. Dist. LEXIS 23978, 2004 WL 2743589, at *1 (E.D. Pa. Nov. 24, 2004)(compelling plaintiff to come from India to Philadelphia for in-person deposition because the testimony of the plaintiff was critical to the lawsuit).

This Court has previously rejected complaints of financial hardship, travel, and having to miss work as bases for avoiding attendance at a deposition. *See, e.g., Harris v. NCO Fin. Sys.*, 2009 U.S. Dist. LEXIS 15040 (E.D. Pa. 2009) (defendant was entitled to take the deposition of plaintiff in person, and plaintiff's averment of hardship was not sufficient to override the rule that she must appear for the deposition in person in the forum where she commenced the action); *see also Baadhio v. Hofacker*, 2017 U.S. Dist. LEXIS 165447 (D. N.J. 2017) (denying protective order to plaintiff who claimed he could not attend deposition due to work). Accordingly, New

Plaintiffs' complaints regarding the hardship of traveling to Philadelphia, and/or having to miss work are not valid bases to avoid having their depositions conducted in the forum where they chose to file suit and be subject to this Court's authority.[4]

*Second*, Legislative Defendants are entitled to depose New Plaintiffs <u>in person</u>, particularly considering that their testimony is critical to Legislative Defendants' ability to defend this case and to present evidence in support of their defenses at trial. Telephone depositions do not permit the examining party the ability to observe the impact of the questions or the witness' nonverbal responses. Moreover, and perhaps most crucially, the examining party would be unable to ascertain if anyone is listening in or "coaching the witness." *See United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999). For these reasons, Legislative Defendants strongly oppose New Plaintiffs' attempts to limit their deposition to be conducted by telephone.

*Third*, Legislative Defendants are entitled to a full seven (7) hour deposition of each New Plaintiff in order to pose the questions which they deem appropriate regarding, *inter alia*, the alleged harm, if any, New Plaintiffs have purportedly endured as a result of the 2011 Plan. *See* Fed. R. Civ. P. 30(d)(1).[5] This is particularly important given the deposition testimony of four of the original five Plaintiffs, each of whom has confirmed that they have not suffered any harm to their constitutional rights as a result of the three elections that have taken place under the 2011

---

[4] Presumably New Plaintiffs were advised of the expedited schedule applicable to this action and the ramifications thereof when they were asked to become Plaintiffs, and nevertheless voluntarily chose to become Plaintiffs.

[5] Rule 30(d) states, in relevant part:
(1) Duration. Unless otherwise stipulated or ordered by the court, **a deposition is limited to one day of 7 hours. The court must allow additional time consistent with Rule 26(b)(1) and (2) if needed** to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination
(2) Sanction. The court may impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.

FED. R. CIV. P. 30(d)(1) and (2) (emphasis added).

6

Plan.[6] New Plaintiffs' requests to severely shorten the afforded deposition time to 1/7th of the time permitted under the Fed.R.Civ.P to one hour or less is not supported by any authority. Moreover, New Plaintiffs' full and complete, live deposition testimony is vital not only to Legislative Defendants' defense of this matter, but also for this Court's ultimate adjudication on the merits, especially considering the juxtaposition of one of the plaintiff's trial testimony in *Gill v. Whitford*, No. 16-1161 (U.S.) regarding the harm suffered in that matter and the four[7] original Plaintiffs' deposition testimony that they have not suffered any harm.[8] Specifically, Mr. William Whitford testified at trial to the personal way in which majority control of the Wisconsin state Assembly, combined with the role of the formal caucus system utilized in the Wisconsin legislature (and described in an official state publication cited by the District Court in that opinion), worked to undermine his attempts to see legislation he favored passed by the Assembly. Given that this case involves less than five percent of the 435 seats in Congress, there is simply no comparison between the harm claimed by Mr. Whitford and the harms claimed by the four Plaintiffs deposed thus far (all of whom indicated that they suffered no particular harm from the 2011 Plan).

New Plaintiffs have not offered any valid bases, in the Fed.R.Civ.P or otherwise, to substantiate their refusal to sit for their live depositions in the Eastern District of Pennsylvania, their chosen forum. Legislative Defendants request that the Court promptly enter an order

---

[6] *See* collective **Exhibit G**, Depo. Tr. of William Ewing at 29 and 86; Depo. Tr. of Floyd Montgomery at 19, 20, 23, 37 and 39; Depo Tr. of Joy Montgomery at 8, 14, 28, 30 and 39; and Depo Tr. of Rayman Solomon at 11, 13, 22, 30, 33, 36, 58, 62, 76 and 79.

[7] The fifth original Plaintiff, Mr. Louis Agre, is scheduled to be deposed today.

[8] *See* note 6, *supra*. As to the testimony referenced in *Whitford*, *see* **Exhibit H**, 5/24/2016 Trial. Tr. at 33.

7

requiring New Plaintiffs to appear for their depositions in Philadelphia, Pennsylvania between Tuesday, November 21 and Thursday, November 23, 2017 until the depositions are completed.[9]

**B. New Plaintiffs Are Obligated By This Court's Orders To Promptly Provide Full and Complete Answers To Legislative Defendants' Discovery Requests**

Plaintiffs have requested, and have been granted, an extremely expedited schedule in this matter, but have come before this Court unprepared[10] and unwilling to meet the established deadlines to provide full and complete discovery responses for New Plaintiffs joined to this matter. In the Court's Order on November 9, 2017 on Legislative Defendants' Motion to Compel, the Court directed Plaintiffs to produce, by Friday November 17, 2017, their party affiliation and voting history for the last five Congressional elections, plus any and all documents that discuss or show the harm they contend they have suffered from the 2011 Plan. (ECF No. 75). This Order applies to both the original five Plaintiffs and New Plaintiffs, as at the time the Order was entered Plaintiffs had already been ordered to join new plaintiffs for each of the remaining 18 Congressional districts. (ECF No. 75, n.1; *see also* ECF No. 74). Thus, Plaintiffs were on notice that they were required to produce, at the very minimum, the above described information for New Plaintiffs at the time they filed their First Amended Complaint. However,

---

[9] Legislative Defendants offer this timeline to complete the depositions given the other pending deadlines on Friday, November 24, 2017, including the parties' deadline to exchange their responses to each others' proposed Stipulation of Facts. On this point, New Plaintiffs' refusal to promptly engage in and complete fact discovery is prejudicing Legislative Defendants' ability to meet the current pre-trial deadlines, including the filing of Stipulations of Fact which, by their nature, should include references to all deposition testimony taken during fact discovery.

[10] By way of further example of Plaintiffs' inexcusable unpreparedness to litigate this matter on the expedited schedule, the deposition of Plaintiffs' expert Ester Needham was scheduled to commence at 9:30 a.m. today in Philadelphia, PA. At approximately 9:50 a.m., when neither Ms. Needham nor Plaintiffs' counsel had appeared, counsel for Legislative Defendants attorney Jason Torchinsky was advised by Plaintiffs' counsel attorney Gordon that he mistakenly believed the deposition was scheduled for Tuesday, November 21, 2017. Mr. Gordon then advised that he and the witness were en route to the deposition. Subsequently, Legislative Defendants were informed that Ms. Needham was apparently not available for her properly noticed deposition. Plaintiffs' counsel refused to reschedule Ms. Needham's deposition for the evening of November 20, 2017 because he is unavailable and refused to obtain substitute counsel. Consequently, Ms. Needham's deposition will now occur on November 21, 2017, amidst two (2) other already scheduled expert depositions.

New Plaintiffs failed to provide that discovery and have further failed to provide any purported justification for violating the Court's November 9 Order. Indeed, to date, Legislative Defendants have not received any update from New Plaintiffs as to if or when they would serve their production.[11]

Additionally, on Friday November 10, 2017, counsel for Legislative Defendants requested that the discovery responses for the yet to be added new Plaintiffs be served at the same time as the filing of the First Amended Complaint. *See* **Exhibit I**, 11/10/2017 E-mail from K. Gallagher. Legislative Defendants advised that they intended to serve on New Plaintiffs written discovery requests identical to those served on October 13, 2017. *Id.* Counsel provided this advance notice to Plaintiffs in an effort to comply with the expedited discovery schedule and permit the reasonable scheduling of depositions of all Plaintiffs. Plaintiffs' counsel never responded to these requests and, again, to date New Plaintiffs have not provided their answers to the Discovery Requests.

Legislative Defendants sent a follow up letter to Plaintiffs' counsel on November 15, 2017, again informing counsel of Legislative Defendants' intent to depose each of the new parties and again requesting the basic discovery information regarding New Plaintiffs. *See* **Exhibit C**. This letter further reminded Plaintiffs' counsel of Legislative Defendants' intent to serve on New Plaintiffs discovery requests identical to those previously served on Plaintiffs. Legislative Defendants requested full and complete responses by no later than 3:00 p.m. on Sunday, November 19, 2017 in order to promote meaningful depositions of New Plaintiffs. Consistent therewith, immediately after the First Amended Complaint was filed, Legislative Defendants served their Discovery Requests and the 21 Notices of Deposition.

---

[11] Attorney Gordon's 11/18/2017 E-mail is silent on the timing of this production, as well. *See* **Exhibit E**.

9

For the first time on Sunday, November 19, opposing counsel advised that New Plaintiffs would agree to a set of very limited interrogatories of only 10 to 15 in total. *See* **Exhibit E**. But, New Plaintiffs should not be permitted to unilaterally limit the volume of written discovery they are required to answer. Indeed, such a baseless demand contradicts the Fed.R.Civ.P. and this Court's directives. Moreover, New Plaintiffs cannot seek to limit the discovery they must answer without first seeking the Court's intervention through a motion for protective order. And even if New Plaintiffs correctly proceeded with such a motion, there are no valid grounds for limiting the discovery they must now answer.

Plaintiffs, both original and those newly added, have availed themselves of this Court and have been granted an extremely expedited schedule with trial set to begin in less than two weeks, on December 4, 2017. In doing so, however, it has become clear that Plaintiffs are unprepared and unwilling to meet the Court's deadlines for the prompt and timely production of all fact discovery. Plaintiffs' intentional refusal to comply with their obligations to expeditiously provide discovery responses is severely prejudicing Legislative Defendants' ability to promptly complete discovery and fairly prepare their defenses for trial. *See Dively v. Seven Springs Farm, Inc.*, 2012 U.S. Dist. LEXIS 56586 (W.D. Pa. April 23, 2012) (dismissing case for failure to participate in discovery); *see also Burns v. Glick*, 158 F.R.D. 354, 356 (3d Cir. 1994) (quotation omitted) (a plaintiff, at a minimum, must be willing to participate in the discovery process in pursuit of a claim).

Accordingly, Legislative Defendants respectfully request that the Court enter an order directing New Plaintiffs to promptly provide full and complete responses to the Discovery Requests on or before 9:00 a.m. on Tuesday, November 21, 2017, prior to the start of the depositions of those parties.

## III.  IN THE ALTERNATIVE, NEW PLAINTIFFS SHOULD BE SANCTIONED FOR THEIR REFUSAL TO ENGAGE IN DISCOVERY

Legislative Defendants submit that this Court may exercise its inherent authority to maintain the fairness of these proceedings by imposing sanctions for Plaintiffs' withholding of evidence and refusal to participate in discovery. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (court are "universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."); *Ryan v. Gonzales*, 133 S. Ct. 696, 708 (2013).

The Third Circuit has held that the withholding of evidence may amount to spoliation, and, as such, sanctions may become necessary to remedy the prejudice to the other party. *See Bull v. UPS*, 665 F.3d 68, 73 (3d Cir. 2012) ("[A] party's failure to produce a document can have the same practical effect as destroying it and we reaffirm that, under certain circumstances, non-production of evidence is rightfully characterized as spoliation."); *see also Micron Tech., Inc. v. Rambus Inc.*, 917 F. Supp. 2d 300, 328 (D. Del. 2013) ("*Micron II*") ("Any lesser sanction would, in effect, reward [the spoliator] for the gamble it took by spoliating and tempt others to do the same."); and *Greatbatch Ltd. v. AVX Corp.*, 179 F. Supp. 3d 370, 379 (D. Del. Apr. 22, 2016). In *Schmid v. Milwaukee Elec. Tool Corp.*, the Third Circuit articulated three considerations for determining appropriate sanctions for spoliation of evidence: (1) the degree of fault of the spoliating party; (2) the degree of prejudice suffered by the opposing party; and (3) whether there is a lesser sanction that will "avoid substantial unfairness to the opposing party and, where the offending party is seriously at fault, will serve to deter such conduct by others in the future." 13 F.3d 76, 79 (3d Cir. 1994). Applying these three factors here, it is readily

11

evident that sanctions in the form of dismissal of New Plaintiffs from this case are appropriate given New Plaintiffs' baseless rejection of the written and deposition discovery sought by Legislative Defendants so close in time to trial, particularly when Plaintiffs' counsel was aware well in advance of what Legislative Defendants would be requesting from New Plaintiffs prior to their joinder.

As to the first factor, there can be no doubt regarding the substantial degree of fault of New Plaintiffs. Notwithstanding the fact that Legislative Defendants' discovery was timely and properly served within hours of the filing of the First Amended Complaint, New Plaintiffs have an affirmative obligation to produce discovery relevant to their claims under Fed.R.Civ.P. 26 and 34 absent any formal request. And to this end, immediately after the Court ordered the original Plaintiffs to amend their Complaint to add a plaintiff from each of the 18 Congressional district (*see* 11/9/2017 Order, ECF No. 74), Legislative Defendants advised Plaintiffs that they would be serving written discovery requests identical to those served on Plaintiffs on October 13, 2017 and that Plaintiffs should begin gathering the responsive information. Yet, Plaintiffs are apparently unprepared to produce their discovery with sufficient time before trial (including such basic information as New Plaintiffs' addresses). This case is proceeding on an extremely compressed, truncated schedule due to Plaintiffs' demands. Their failure or unwillingness to engage in and complete discovery on that very schedule is inexcusable and severely prejudicial to Legislative Defendants.

Turning to the second factor, the prejudice resulting from New Plaintiffs' conduct arises out of the extremely short amount of time left for Legislative Defendants to (1) complete discovery before trial (8 business days); (2) review the documents and information due and outstanding from New Plaintiffs; (3) engage in further discovery necessary to evaluate the

significance of any documents produced, and (4) sort through complex issues for a trial that is less than two weeks away. *See Greatbatch Ltd.*, 179 F. Supp. 3d at 384-38 (finding spoliation sanctions appropriate under similar circumstances). Further, New Plaintiffs have denied Legislative Defendants their due process rights under the Fed.R.Civ.P. to obtain relevant discovery concerning New Plaintiffs' voting history, preferences, communications with their Congressman/woman, etc. and, importantly, their alleged harm at issue.[12] Being denied this information severely limits, if not essentially forecloses, Legislative Defendants' ability to disprove New Plaintiffs' claims. The prejudice resulting from New Plaintiffs' conduct is clear.

Lastly, New Plaintiffs' knowing and intentional failures to produce relevant information and sit for their depositions despite their affirmative obligations to do so pursuant to Rules 26, 30, and 34 are tantamount to bad faith. New Plaintiffs' conduct undermines the very purpose of the Fed.R.Civ.P. requiring disclosure of relevant and responsive documents. *See also Haeger v. Goodyear Tire & Rubber Co.*, 793 F.3d 1122, 1134 (9th Cir. 2015). And, New Plaintiffs' adamant rejection of the discovery sought should be seen as nothing short of an attempt to impair Legislative Defendants' ability to defend the claims at issue. *Micron II*, 917 F. Supp. 2d at 315 (quoting *Schmid*, 13 F.3d at 80). As such, the Court should find that New Plaintiffs have engaged in bad faith discovery practice.

For these reasons, Legislative Defendants submit that the circumstances presented by the immediate discovery dispute afford the Court justifiable grounds to award Legislative Defendants sanctions in the form of dismissal of New Plaintiffs from this action, with

---

[12] Plaintiffs' counsel's offer to consider releasing to Legislative Defendants "statements" he represents that each of the New Plaintiffs sent to him in letters regarding their alleged harm is less than sufficient, without being able to ask Plaintiffs about the origin of the statement or letter, its content, who may have assisted in drafting it, and verifying its authenticity and the specifics of the request to which the statement responded. *See* **Exhibit E**. Even then, Plaintiffs' counsel claims the referenced "statements" are subject to attorney-client privilege and, as such, will require each New Plaintiff's consent before he may provide copies.

prejudice.[13] *See Micron II*, 917 F. Supp. 2d at 323 (internal brackets, quotation marks, and citation omitted) (the particular sanction imposed is within the sound discretion of the district court). In the event the Court determines that a lesser, non-dispositive sanction may be more appropriate, then Legislative Defendants request that the sanctions imposed be an order precluding New Plaintiffs from offering any testimony and evidence at trial in this matter, and that New Plaintiffs being required to rest solely on the allegations presented in the First Amended Complaint.[14]

## IV. CONCLUSION

For all of the foregoing reasons, Legislative Defendants respectfully request that their Motion be granted, and an Order in the form submitted herewith be entered.

---

[13] As more fully explained herein, Plaintiffs' unwarranted and unsupported refusal to engage in any meaningful discovery is in direct violation of the Court's Orders and the Fed.R.Civ.P.. Their actions in this regard provide the Court ample grounds, in addition to those grounds that will be set forth in Legislative Defendants' forthcoming Motion to Dismiss the First Amended Complaint due November 22, 2017, to dismiss with prejudice the First Amended Complaint under Fed.R.Civ.P. 37(b)(2). This Rule gives the Court discretion to "make such orders . . . as are just" in regard to a party's failure to obey a discovery order, including dismissal. Rule 37(b)(2) warns that dismissal is an available sanction for failure to obey discovery orders. *Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1056-1057 (9th Cir. 1998); *see also Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 867-68 (3d Cir. 1984) (discussing the six factors to be evaluated in determined whether dismissal is warranted). Not all of the *Poulis* factors need to be satisfied in order to dismiss a complaint. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988); *see also Curtis T. Bedwell & Sons, Inc. v. Int'l. Fidelity Ins. Co.,* 843 F.2d 683, 696 (3d Cir. 1988); and *N'Jai v. Floyd*, 2009 U.S. Dist. LEXIS 45130 (W.D. Pa. May 29, 2009) Rather, the decision must be based upon the specific facts of the case. *Mindek,* 964 F.2d at 1373. Ultimately, the decision to dismiss a complaint is within the district court's discretion. *Id.*

[14] This request for relief in the form of preclusion of evidence at trial is based on the sanctionable conduct of New Plaintiffs, not any rule of evidence or Court order. As such, Legislative Defendants submit that this alternative request for relief does not fall within the Court's November 13 Order regarding the Motions in Limine due today at 3:00 p.m. (ECF No. 81).

In the alternative, Legislative Defendants respectfully request that the Court grant their Motion for Sanctions and enter an order either dismissing New Plaintiffs, with prejudice, or precluding New Plaintiffs from offering any testimony and evidence beyond the allegations presented in the First Amended Complaint at the time of trial in this matter.

Dated: November 20, 2017                           Respectfully submitted,

 /s/ *Jason Torchinsky*                             /s/ *Brian Paszamant*
Jason Torchinsky                                    Brian S. Paszamant
Shawn Sheehy                                        Jason A. Snyderman
HOLTZMAN VOGEL JOSEFIAK TORCHINSKY                  John P. Wixted
PLLC                                                Blank Rome LLP
45 North Hill Drive, Suite 100                      One Logan Square
Warrenton, Virginia  20186                          130 N. 18th Street
Phone: (540) 341-8808                               Philadelphia, Pennsylvania  19103
Fax: (540) 341-8809                                 Phone: (215) 569-5791
Email: jt@hvjt.law                                  Fax: (215) 569-5555
ssheehy@hvjt.law                                    Email: paszamant@blankrome.com
                                                    snyderman@blankrome.com
*Attorneys for Defendants*                          jwixted@blankrome.com
*Senator Joseph B. Scarnati III and*
*Representative Michael C. Turzai*                  *Attorneys for Defendant*
                                                    *Senator Joseph B. Scarnati III*

 /s/ *Kathleen A. Gallagher*
Kathleen A. Gallagher
Carolyn Batz McGee
Jason R. McLean
Cipriani & Werner PC
650 Washington Road, Suite 700
Pittsburgh, Pennsylvania  15228
Phone: (412) 563-4978
Email: kgallagher@c-wlaw.com
cmcgee@c-wlaw.com
jrmclean@c-wlaw.com

*Attorneys for Defendant*
*Representative Michael C. Turzai*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing Memorandum of Law in Support of Emergency Motion to Compel and/or Motion for Sanctions was electronically filed and served via operation of the Court's CM/ECF system this 20th day of November, 2017, which will automatically send e-mail notification of such filing to all attorneys of record.

*/s/ Kathleen Gallagher*