IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOUIS AGRE, *et al.* <br><br> v. <br><br> **THOMAS W. WOLF**, Governor of Pennsylvania, **ROBERT TORRES**[*], Acting Secretary of State of Pennsylvania, **JONATHAN MARKS**, Commissioner of the Bureau of Elections – in their official capacities. | CIVIL ACTION <br><br> NO. 17-4392 |
|---|---|

## ORDER

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

The Legislative Defendant, Michael C. Turzai, in his official capacity as Speaker of the Pennsylvania House of Representatives (the "Speaker") has filed a Motion for Protective Order (ECF 87), contending that he should not be deposed at all, and if a deposition is allowed, that he can invoke legislative privilege barring any testimony about his deliberative process or subjective intent regarding the 2011 Congressional redistricting at issue in this case. Speaker's Motion also extends to any information relating to fact finding, information gathering, and investigative activities in consideration of redistricting legislation, and would arguably extend to production of documents that this Court has previously ordered, including documents from third parties.

The Speaker's Motion for Protective Order will be **DENIED**. There is no claim of privilege as to documents and communications with third parties. The Court does not recognize as authoritative any precedent that implies that the Speaker can refuse to answer questions about his own intent, motive, communications with the public or outside of the members and staff of

---

[*] As of October 11, 2017, Robert Torres is the Acting Secretary of the Commonwealth of Pennsylvania and is hereby substituted as a defendant. *See* Fed. R. Civ. P. 25(d).

the legislature. The Court recognizes that some decisions have allowed for a "deliberative process privilege" extending to internal communications leading up to the passage of legislation. However, it appears that no court has ever held that this is an absolute privilege, but only a qualified privilege. Upon consideration of the important issues in this case, and the fact that the scope of discovery in this case is generally limited to a period of 2010-2012, i.e. at least five years old, and the fact that intent and/or motive are factors considering in gerrymandering cases, see, e..g., Bethune-Hill v. Va. State Bd. of Elections, 137 S. Ct. 788, 797 (2017), the Court sees no reason to protect any of this information from discovery in this case. Therefore, it is on this 22nd day of November, 2017 ORDERED that the Speaker's Motion for Protective Order [ECF No. 87] is **DENIED**

                                        **BY THE COURT:**

**11/22/2017**                                  /s/ Michael M. Baylson

                                        **MICHAEL M. BAYLSON**
                                        **United States District Court Judge**

O:\CIVIL 17\17-4392 Agre v Wolf\17cv4392 order 11222017.docx