UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS AGRE, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> THOMAS W. WOLF, Governor of Pennsylvania, in his official capacity, *et al.*, <br><br> *Defendants*. | CIVIL ACTION <br><br> No. 2:17-cv-4392 |

**EXECUTIVE BRANCH DEFENDANTS' RESPONSE AND OPPOSITION TO MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs and one Defendant, Representative Michael Turzai (together, "Movants"), have asked the Court to enter what they call a "Stipulated Protective Order." *See* Consent Motion for the Entry of a Protective Order, Nov. 22, 2017, ECF No. 116. Defendants Governor Thomas W. Wolf, Acting Secretary of the Commonwealth Robert Torres, and Commissioner Jonathan Marks, in their official capacities (together, the "Executive Branch Defendants") were not given an opportunity to review this proposed Order before it was filed, and have not agreed to it. The Executive Branch Defendants also have not been given an opportunity to review the "Revised Privilege Log" covered by the proposed Order.

The Executive Branch Defendants have a number of concerns about the proposed Order. First, Movants have not attempted to make the showing required by *Pansy v. Borough of Stroudsburg*, 23 F.3d 772 (3d Cir. 1994), and its progeny, and thus have not provided the Court with the information it needs to consider whether a protective order is appropriate. Second, it appears that Speaker Turzai contends that the information he seeks to protect is shielded by, among other things, "the legislative privilege" and "the deliberative process privilege." To the Executive Branch Defendants' understanding, the Court has already ruled that Speaker Turzai

may not withhold documents or information based on an assertion of these privileges, so the Executive Branch Defendants see no reason to shield from view documents subject to these privileges or a privilege log asserting the privileges. Third, the terms of the Order itself are unnecessarily onerous, which may well lead to satellite litigation over minor alleged infractions. For example, under the terms of the Order, attorneys, but not clients, are permitted to review the protected materials,[1] *see* Proposed Order ¶ 3, and Speaker Turzai's counsel must receive a signed acknowledgment from every person who sees the Revised Privilege Log, including individual law firm attorneys and staff. *See id.* ¶ 4. The parties must destroy all work product that refers to the log or its contents at the conclusion of the case, *see id.* ¶ 8, and filings that "contain or otherwise set forth the content of the Privilege Log" must be made under seal, *see id.* ¶ 5. Finally, the scope of the proposed Order is unclear; it refers to the Revised Privilege Log itself, but also to the "content, substance or facts reflected therein." *See* Proposed Order ¶ 4. Presumably the Movants are not asking the Court to protect information received independently of the Revised Privilege Log or documents that the Court orders to be produced, but the proposed Order could be read to provide otherwise.

Given the importance of this case to the public interest, it does not seem appropriate to shield responsive, nonprivileged materials from the public eye without a showing of need for doing so, which Movants have not made here. Accordingly, the Executive Branch Defendants respectfully request that the Court deny the Motion. As the case is progressing rapidly to trial, expert depositions are scheduled for Monday, November 27, and Speaker Turzai's deposition is scheduled for Tuesday, November 28, the Executive Branch Defendants also respectfully request

---

[1] The Executive Branch Defendants presume that attorneys of record who are employed by the Commonwealth would be permitted to review the materials, but even that is not entirely clear from the terms of the document.

that the Court order Speaker Turzai to produce the Revised Privilege Log, and all documents over which he purports to assert legislative or deliberative process privilege, by Monday, November 27, at 11:00 AM; that the Court put a schedule in place to resolve all other privilege disputes expeditiously; and that all filings and discovery in this case be made available to all parties to the case.

                                                 Respectfully submitted,

                                                 HANGLEY ARONCHICK SEGAL
                                                 PUDLIN & SCHILLER

Dated: November 25, 2017           By: /s/ Mark A. Aronchick
                                                 Mark A. Aronchick
                                                 Michele D. Hangley
                                                 Claudia De Palma
                                                 Ashton R. Lattimore (Pro Hac Vice)
                                                 One Logan Square, 27th Floor
                                                 Philadelphia, PA 19103
                                                 (215) 568-6200

                                                 *Attorneys for Defendants Thomas W. Wolf, Governor of Pennsylvania; Robert Torres, Acting Secretary of the Commonwealth; and Jonathan Marks, Commissioner for the Bureau of Commissions, Elections, and Legislation, in their official capacities*

- 4 -

                        Gregory G. Schwab
                        Governor's Office of General Counsel
                        333 Market Street, 17th Floor
                        Harrisburg, PA  17101

*Attorney for Defendant*
*Governor Thomas Wolf, in his official capacity*

Timothy E. Gates
Kathleen M. Kotula
Pennsylvania Department of State
Office of Chief Counsel
306 North Office Building
Harrisburg, PA  17120

*Attorney for Defendants*
*Acting Secretary of the Commonwealth Robert Torres and Commissioner Jonathan Marks, in their official capacities*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2017, I caused a true and correct copy of the foregoing Response and Opposition to Motion for Entry of a Protective Order to be electronically filed pursuant to the court's electronic court filing system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

/s/ Michele D. Hangley
Michele D. Hangley