IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Louis Agre *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:17-cv-4392 |
| | : | |
| v. | : | |
| | : | |
| Thomas W. Wolf *et al.*, | : | |
| | : | |
| Defendants. | : | |

**LEGISLATIVE DEFENDANT MICHAEL C. TURZAI'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDER TO PROCEED WITH HIS <u>DEPOSITION UNDER SEAL</u>**

On November 9, 2017, Plaintiffs served a Notice of Deposition on the Speaker. (*See* ECF No. 87-2). On November 17, 2017, the Speaker moved for a protective order barring Plaintiffs from taking his deposition or limiting the scope of the testimony based upon the legislative and deliberative process privileges. (ECF No. 87). The Court denied the motion allowing the deposition to go forward finding that "[t]here is no claim of privilege as to documents and communications with third parties," and that the Speaker could not "refuse to answer questions about his own intent, motive, communications with the public outside of the members and staff of the legislature." (ECF No. 114). The Speaker does not seek reconsideration of that ruling. But, for the reasons identified below, the Speaker requests that his deposition, including any transcript of the deposition, be under seal and used for purposes of this litigation only.

New facts that have arisen further demonstrate that Plaintiffs lack standing to pursue a statewide challenge to the 2011 Plan. Moreover, Plaintiffs have still yet to identify the elements of their purported claim and the Court has requested further briefing. (ECF No. 104). If this

case were proceeding along a normal schedule, these preliminary facial challenges to Plaintiffs' claims would be decided before the Speaker would ever be deposed. Unfortunately, given the speed at which this matter is proceeding, the Speaker is being deposed *before* these matters can be decided and if the Court ultimately dismisses Plaintiffs' claims, the Speaker's deposition should never have occurred. Moreover, there is a real risk that the testimony elicited from the Speaker in this case could be used in parallel litigation also challenging the 2011 Plan, including in another matter in which the plaintiffs/petitioners are not entitled to such testimony. Allowing the Speaker's deposition to proceed under seal prevents any deposition testimony that would not otherwise have been elicited in this case from being used outside the context of this litigation, and would place the Speaker in a position most akin to his deposition never having occurred.

First, as articulated more fully in Legislative Defendants' initial Motion to Dismiss filed along with their Motion to Intervene on October 24, 2017, a plaintiff only has standing to assert gerrymandering claims for the district where the plaintiff resides. (ECF No. 45-1 at pg. 6) [1]. Thus, in order to assert a statewide challenge to a redistricting plan – which Plaintiffs seek to do here – they must establish that they collectively live in all 18 Pennsylvania Congressional districts. (*See id.*). Indeed, this Court granted Plaintiffs leave to file an Amended Complaint to add one voter from each district. (*See* ECF No. 74).

Plaintiffs' First Amended Complaint filed on November 17, 2017 included only one Plaintiff from the 10th Congressional district – Ed Gragert. (Am. Compl. ¶ 26, ECF No. 88). It was not until November 24 that Plaintiffs finally revealed that Mr. Gragert is currently in Argentina and will not be returning to the country until December 8, 2017 – after trial in this

---

[1] For the sake of brevity, the Speaker will not restate all of the law or arguments on this point.

case may very well be over. (*See* 11.24.17 B. Gordon email, attached as Ex. A) [2]. As such, he is unable to participate in this litigation and, importantly, completely unable to comply with this Court's order that he submit to a deposition. (ECF No. 112). Plaintiffs have proposed doing Mr. Gragert's deposition by Skype, however, that is woefully insufficient. Defendants cannot legally take Mr. Gragert's deposition in Argentina (even through Skype). As explained by the United States Department of State, Argentina is a signatory to the Hague Convention, but does not allow even willing witnesses who want to voluntarily submit to a deposition in Argentina without making a formal request under the Hague Evidence Convention. See https://travel.state.gov/content/travel/en/legal-considerations/judicial/country/argentina.html (Visited November 26, 2017). It is also clear that Mr. Gragert will not be available to participate at trial.  In other words, despite being *named* as a Plaintiff in this case, Mr. Gragert is completely unwilling or unable to participate meaningfully in this case. For these reasons, Plaintiffs do not have an available Plaintiff from the 10th Congressional district.  And because Mr. Gragert is the *only* Plaintiff from the 10th Congressional district, Plaintiffs overall lack standing to challenge the 2011 Plan on a statewide basis.[3]

---

[2] To make matters worse, after 7 pm on November 26, 2017, Legislative Defendants were informed that Plaintiff Marina Kats from the 13th Congressional District, and who lives within 100 miles of Philadelphia, is leaving for Egypt early on the morning of November 27, 2017.  Yet, Plaintiffs' counsel did not offer her for deposition on November 24 or 25 in person in accordance with this Court's order, but have only offered to do it on November 28 via Skype.  Legislative Defendants have demanded that Plaintiffs' counsel produce her for a lawful deposition in accordance with the Court's order.  Plaintiffs' counsel responded that they do not believe the Hague Convention bars the deposition by Skype based upon the incorrect premise that her deposition was being "taken in Philadelphia" when she is actually in Egypt.  This is yet another example of Plaintiffs' counsel playing it fast and loose with case deadlines and discovery obligations, further prejudicing Legislative Defendants given the expedited schedule of this trial.  (*See* 11.26.17 emails with A. Ballard, attached as Ex. C).

[3] Moreover, Legislative Defendants filed a Motion to Dismiss the First Amended Complaint on November 22, 2017 again arguing that Plaintiffs lacked standing on the further grounds that none of them had suffered specific injury. (ECF No. 108-2 at pgs. 3-4). Because Mr. Gragert is not in the country and Defendants cannot legally depose him prior to trial, Defendants are denied the ability to determine if he has suffered any injury, and, therefore, lacks individual standing to pursue his claims in this case.

Second, Plaintiffs have yet to identify the elements of their claim. Without even understanding the basic elements of the claims Plaintiffs must prove, the Speaker's deposition is merely a fishing expedition. Facial challenges to the validity of claims asserted in a complaint, such as the failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), are normally addressed before the parties conduct depositions. And if the plaintiff cannot state a valid claim, he or she does not get to depose the defendant(s). But here, with the breakneck speed at which this case is proceeding, the Speaker's deposition is set for November 28 – just one week before trial begins and before the Court (and Defendants) have the opportunity to even understand the nature of Plaintiffs' claims and the elements they assert are necessary to prove such claims.

For both of the above reasons, the Court should issue a protective order that the Speaker's deposition, including any transcript of such deposition, should be under seal and used for purposes of this litigation only. If the Court dismisses Plaintiffs' claims because either (a) they lack standing, or (b) they fail to state a valid claim, then the Speaker's deposition will have been for naught. Allowing it to proceed under seal prevents any party from using such testimony without an in camera examination by the court.

The Speaker's request that his deposition proceed under seal is underscored by the serious risk that any testimony obtained from the Speaker in this case could be inappropriately used for other parallel litigation. In particular, in the matter of *League of Women Voters of Pennsylvania, et al. v. Commonwealth, et al.* ("*LWV* Case"), the petitioners are challenging the 2011 Plan in Pennsylvania state court under the state Constitution. *See* Case No. 261 MD 2017. But the Court in the *LWV* Case held that the Speaker holds an absolute legislative immunity under Article 2, Section 15 of the Pennsylvania Constitution. (*See* 11.22.17 Order filed with this

4

Court via ECF No. 110-1). As such, the petitioners in that case will be unable to obtain the testimony from the Speaker that the Plaintiffs could obtain in this case. And it is not uncommon for plaintiffs groups to share information. This potential harm is not merely speculative. The same day this Court denied the Speaker's motion for a protective order, one of the attorneys for the plaintiffs in another matter challenging the 2011 Plan filed in federal court, *Diamond, et al. v. Commonwealth, et al.*, E.D. PA. No. 5:17-cv-5054, tweeted: "Federal court in PA gerrymandering case just ordered that @RepTurzai can be deposed as to his intent, motive, etc., in drawing the 2011 congressional map. Cc: @DKElections @PoliticsWolf." (*See* Ex. B).

For all the above reasons, the Court should issue a protective order that the Speaker's deposition, including any transcript of the deposition, be under seal and used for purposes of this litigation only. At the very least, this relief will protect the Speaker's deposition from being taken in this case for the sole purpose of use in another matter, including one where the plaintiffs/petitioners are precluded from obtaining such evidence.

| | |
|---|---|
| Dated: November 27, 2017<br>**CIPRIANI & WERNER PC** | Respectfully submitted,<br>**HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC** |
| */s/ Kathleen A. Gallagher*<br>KATHLEEN A. GALLAGHER<br>PA I.D. 37950<br>CAROLYN BATZ MCGEE<br>PA I.D. 208815<br>650 Washington Road, Suite 700<br>Pittsburgh, Pennsylvania 15228<br>Phone: 412-563-2500<br>Email: kgallagher@c-wlaw.com<br>cmcgee@c-wlaw.com<br><br>*Attorneys for Legislative Defendant Representative Michael C. Turzai* | */s/ Jason Torchinsky*<br>JASON TORCHINSKY (admitted *Pro Hac Vice*)<br>SHAWN SHEEHY (admitted *Pro Hac Vice*)<br>45 North Hill Drive, Suite 100<br>Warrenton, Virginia 20186<br>Phone: 540-341-8808<br>Facsimile: 540-341-8809<br>Email: jtorchinsky@hvjt.law<br>ssheehy@hvjt.law<br><br>*Attorneys for Legislative Defendants Senator Joseph Scarnati III and Representative Michael C. Turzai* |