IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOUIS AGRE, *et al.*<br><br>v.<br><br>THOMAS W. WOLF, Governor of Pennsylvania, ROBERT TORRES[1], Acting Secretary of State of Pennsylvania, JONATHAN MARKS, Commissioner of the Bureau of Elections – in their official capacities. | CIVIL ACTION<br><br>NO. 17-4392 |
|---|---|

## ORDER RE: DEPOSITION OF PLAINTIFF EDWIN GRAGERT

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

In a prior order (ECF 112), this Court required each Plaintiff to appear for a deposition as part of pretrial discovery.  To our knowledge, these depositions have proceeded without issue with one exception.  The exception has been brought to the Court in the form of "Legislative Defendants' Supplement to Their Motion to Dismiss the Amended Complaint" (ECF 124) filed November 27, 2017.  In this document, the movants assert that one plaintiff, Edwin Gragert, a resident of the 10th Congressional District, is traveling abroad until December 8, 2017 and is currently in Argentina.  Plaintiffs have asserted that Mr. Gragert can be available for a deposition via Skype from Argentina.  Defendants have not moved for a protective order but have asserted that under the Hague Convention, Argentina – a signatory country, does not allow voluntary depositions to take place in Argentinian territory absent permission, citing the website of the U.S. Department of State.  Defendants assert, because there is insufficient time to arrange for this deposition under the Hague Convention, and that a deposition of Mr. Gragert "would necessarily violate international and Argentinian law," the Motion to Dismiss the Complaint (ECF 108)

---

[1] As of October 11, 2017, Robert Torres is the Acting Secretary of the Commonwealth of Pennsylvania and is hereby substituted as a defendant.  *See* Fed. R. Civ. P. 25(d).

should be granted as to Mr. Gragert.  Defendants also assert that this prevents the Plaintiffs from seeking statewide relief.

Aside from the fact that the Defendants have not approached this issue in a more appropriate manner by seeking a protective order, the Court will **ORDER** that the deposition of Mr. Gragert take place by telephone, with counsel and a court reporter based in Pennsylvania.

In making this Order, the Court has consulted a 2015 publication of the Federal Judicial Center, "Discovery in International Civil Litigation – A Guide for Judges" which reviews the discovery practices of a number of countries, including Argentina.  It is true, as stated in this handbook, page 60, that under Argentinian law, the Hague Convention is the only means through which foreign parties may take a deposition (voluntary and involuntarily) in Argentina.  However, under the leading Supreme Court decision on methods of cross-border discovery, <u>Societe Nationale Industrielle Aerospatiale v. U.S. District Court for the Southern District of Iowa</u>, 482 U.S. 522 (1987), the Hague Convention is not the only means by which cross-border discovery may be taken under United States law.  <u>Aerospatiale</u> expressly held that the Hague Convention does not divest district courts of jurisdiction to order discovery under the Federal Rules of Civil Procedure.  482 U.S. at 539-40.

In this case, the parties are not seeking discovery about any facts relating to Argentina.  Mr. Gragert, a U.S. citizen, is merely traveling in the country.  It is not clear, on these facts, that Mr. Gragerts' talking into a telephone and answering questions about his political registration, voting history, or other questions relating to this case about events in the United States can even be considered a deposition taking place in Argentina, which country has no connection to this matter. Participating counsel and the court reporter will be present in the United States.

As <u>Aerospatiale</u> also held, the principles of comity play a major role in international discovery disputes. 482 U.S. at 543-44.[2] This case is important for at least some of the citizens of Pennsylvania, and their rights cannot be infringed because one designated plaintiff happens to be out of the country. And it is not clear that a violation of Argentinian law will take place if the above-described telephonic question and answer session is conducted.

                                                            **BY THE COURT:**

**11/27/2017**                                    /s/ Michael M. Baylson
                                                       **MICHAEL M. BAYLSON**
                                                       **United States District Court Judge**

O:\CIVIL 17\17-4392 Agre v Wolf\17cv4392 order2 11272017.docx

---

[2] We also reference the "International Principles" of the Sedona Conference, that cross-border discovery restrictions only apply when data maintained in the foreign country is requested.