### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Louis Agre, William Ewing, Floyd Montgomery, Joy Montgomery, and Rayman Solomon, <br><br> Plaintiffs, <br><br> v. <br><br> Thomas W. Wolf, Governor of Pennsylvania, Pedro Cortes, Secretary of State of Pennsylvania, and Jonathan Marks, Commissioner of the Bureau of Elections, in their official capacities, and Michael Turzai, Speaker of the Pennsylvania House and Joseph Scarnati III, President Pro Tem of the Pa Senate, in their official capacities <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 17-4392 |

### PLAINTIFFS' RESPONSE TO DEFENDANT TURZAI'S MOTION FOR PROTECTIVE ORDER TO PROCEED WITH DEPOSITION UNDER SEAL

Intervenor Turzai's latest Motion for Protective Order reflects a dedication to avoiding public scrutiny that is troubling in any public official, let alone a public official who has voluntarily inserted himself into litigation in which citizens assert fundamental public rights – rights upon which the integrity of the body in which Turzai is privileged to serve depend.

Plaintiffs hereby oppose Intervenor-Defendant Turzai's Motion for Protective Order to Proceed with Deposition Under Seal. The premise of the Motion is inaccurate; Turzai articulates no harm justifying a protective order under the Federal Rules of Civil Procedure and Supreme Court precedent; and Turzai's assertions regarding the likelihood of this case proceeding to the merits are inaccurate.

1. **Turzai Articulates No Threatened Harm Justifying A Protective Order.**

The starting point for evaluating this Motion is this: no privilege protects any aspect of Turzai's deposition testimony. Order of Nov. 22, 2017 (Doc. 114). While claiming to accept that decision, Turzai nonetheless requests a ruling that will "put him in a position most akin to his deposition never having occurred" if the defendants eventually prevail on defenses entirely unrelated to legislative immunity or privilege. Memorandum of Law in Support of Motion for Protective Order to Proceed With Deposition Under Seal ("Turzai Mem."), at 2.

But absent a privilege or other legitimate interest in shielding his testimony from the light of day, Turzai articulates no harm against which he is entitled to ask the Court to protect him from disclosure. Each of the grounds for protective order that the Federal Rules of Civil Procedure prescribe – annoyance, embarrassment, oppression, or undue burden or expense (Fed. R. Civ. P. 26(c)(1))– is addressed in the legislative privilege cases. And as this Court has already recognized, none of those interests holds sway here. *See generally In re Grand Jury (Matter of Granite Purchases for State Capital),* 821 F.2d 946, 954, 958 (3d Cir. 1987). Because giving a deposition will impose no cognizable harm on Turzai, no harm will befall him even in the hindsight of a hypothetical future ruling that implies that the deposition "should never have occurred" (Turzai Mem. at 2).

And in any event, discovery does not work that way. The federal rules presume that discovery will continue while Rule 12 motions to dismiss are pending. Rare is the circumstance under which a federal court will stay discovery pending its consideration of pretrial motions – and courts naturally require a very good reason for doing so. Whatever

the ultimate disposition of a case there is no such thing – absent unwarranted intrusion upon a privilege – as a deposition that "should never have occurred."

Turzai does not seek a stay, of course, but he predicates his Motion on the assertion that if the case is later dismissed then his deposition "should never have occurred." That premise is faulty. The time frame during which motions are pending and discovery is underway is compressed in this case, to be sure, but their contemporaneousness is perfectly typical. Were Turzai to ask a court operating on a standard schedule to stay his deposition pending disposition of Rule 12 motions, the court would require him to articulate a harm justifying that unusual relief. He would be able to articulate none – other than the "harm" of scrutiny by potential Pennsylvania voters.

Because Turzai's deposition would be just as likely to occur before a dispositive ruling in a typical case as it is here, sealing it would put him in a *better* position than he would be in were this case on a standard track. He has given this Court no reason to favor him that way.

Moreover, on the Intervenor-Defendants' own theory the putative unavailability (about which the defendants are mistaken in any event; *see* Section 3, below) of any given plaintiff for deposition and trial requires dismissal only "as to [that plaintiff] for lack of standing." Legislative Defendants' Supplement To Their Motion to Dismiss (Doc. 124), at 2. Even if the Supreme Court eventually rejects statewide standing absent a plaintiff from each district, the claims of plaintiffs from other gerrymandered districts for the harm that they have suffered would go forward. And whether Plaintiffs ultimately win or lose on the merits – under whichever legal standard the Court applies – there is no scenario under which Turzai's deposition "should never have occurred." The premise of his Motion fails.

3

2. **The Supreme Court Held More Than A Century Ago That A Court May Not Seal A Deposition To Prevent Its Use By A Litigant In Another Matter.**

Turzai's indignation that an attorney for plaintiffs in another Pennsylvania redistricting challenge pending before this very Court apparently watches PACER – the *Public* Access to Court Electronic Records system – and tweets about rulings that may impact his case (*see* Turzai Mem. at 5) hardly justifies imposing an otherwise-unjustified seal.[1]

And Turzai's counsel have failed to disclose controlling authority[2] that fatally undermines his request for a seal. His complaint that his testimony may be used as evidence in another matter runs afoul of the venerable U.S. Supreme Court decision *Ex parte Uppercu*, 239 U.S. 435 (1915). In *Uppercu* the Court granted a writ of mandamus directing a district court to unseal depositions for use by a party to a separate litigation implicating similar factual issues. The Supreme Court called the protective order sealing the deposition "an unauthorized impediment … in excess of the jurisdiction of the lower court." *Id.* at 441. Privilege is the touchstone of the validity of the protective order:

> So long as the [document furnishing evidence] physically exists, anyone needing it as evidence at a trial has a right to call for it, unless some exception is shown to the general rule. We discover none here. *Neither the parties to the original cause nor the deponents have any privilege, <u>and the mere unwillingness of an unprivileged person to have the evidence used cannot be strengthened by a judicial fiat such as this</u>*.

---

[1] Turzai does not seem to object to using Twitter to promote information that he believes reflects well on him politically. The @RepTurzai account has tweeted approximately thirty times in November alone; and Turzai's separate gubernatorial campaign account, @MikeTurzai, has tweeted with approximately the same average frequency.

[2] Pennsylvania Rule of Professional Conduct 3.3(a)(2) is implicated if counsel knew of this controlling authority.

*Id.* at 440 (emphasis added).  Turzai is an "unprivileged person" whose "mere unwillingness to have the evidence used" in another matter cannot be given the force of law by a protective order.  The Supreme Court so held more than 100 years ago.

Even a protective order barring public dissemination of private deposition testimony is improper unless supported by a showing of "good cause" under Fed. R. Civ. P. 26(b), which requires balancing the competing interests in privacy and disclosure.  *Seattle Times Co v. Rhinehart*, 467 U.S. 20, 37 (1984).  Because Turzai asserts no interest other than avoiding the use of the deposition in other litigation – an "interest" that the Supreme Court long ago ruled that courts cannot honor – he cannot make that showing.

Moreover, the Federal Rules of Civil Procedure (unlike many state rules) do not distinguish between discovery depositions and trial depositions.  Because Turzai's deposition may be used at trial, he must make a heightened showing to overcome the First Amendment presumption of public access to court proceedings.  *See, e.g., Publicker Indus., Inc. v. Cohen,* 733 F.2d 1059, 1061 (3d Cir. 1984) (First Amendment right of access to civil proceedings).

As the Court has previously observed, Turzai chose to be here.  That he may be repenting of his strategic decision to participate in this matter given its implications for other cases does not change the fact that he is subject to the Federal Rules of Civil Procedure and Supreme Court precedent.

### 3. The New Plaintiffs Are Available for Deposition Testimony.

While Plaintiffs' counsel was in the process of drafting this section of the Response, the Court ordered that Mr. Gragert's deposition take place by telephone. Order, Doc. 136. As the Court explained, *Société Nationale Industrielle Aérospatiale v. U.S. District Court*, 482 U.S. 522 (1987), compels that result. Turzai's attempt to use the Hague Convention on Evidence ("Evidence Convention") to defeat statewide standing (*see* Turzai Mem. at 3, and Legislative Defendants Supplement to Their Motion to Dismiss (Doc. 124)), is barred by Supreme Court precedent.[3]

And even if using the Evidence Convention were mandatory, it would not impact Plaintiff Kats's availability for a telephone deposition while she travels in Egypt; Egypt is not a signatory to the Evidence Convention at all. *See* Egypt Country Page at Hague Conference on Private International Law, at https://www.hcch.net/en/states/authorities/details3/?aid=578.

The Intervenor-Defendants invoked the Evidence Convention as mere pretext, apparently hoping to create a fatal defect in the Plaintiffs' case. As the Court has now recognized, that effort must fail.

---

[3] Indeed, even if the Evidence Convention were mandatory it would still not bar the voluntary deposition of Mr. Gragert by telephone or similar means. Argentina opted out of Chapter II of the Evidence Convention, which governs voluntary depositions "By Diplomatic Officers, Consular Agents And Commissioners" – that is, the chapter that would permit a U.S. diplomatic officer to conduct a voluntary deposition on Argentine soil. *See* Chapter II of Evidence Convention, available at https://assets.hcch.net/docs/dfed98c0-6749-42d2-a9be-3d41597734f1.pdf; and summary of Argentina's Declarations and Reservations to the Hague Evidence Convention, available at https://travel.state.gov/content/travel/en/ legalconsiderations/ judicial/country/argentina.html ("Argentina excluded all of Chapter II of the Convention ...."). Argentina's decision to require compliance with the Evidence Convention when a U.S. diplomatic officer will conduct a voluntary deposition in Argentina has no bearing on whether Mr. Gragert may use an Argentine telephone to give a deposition.

## Conclusion

Turzai's determination to shield his motives and intentions from public scrutiny is ironic in a case that will gauge the defendants' commitment to representative democracy. For the foregoing reasons, Turzai's request for a protective order sealing his deposition should be denied.

Respectfully submitted,

By: /s/ *Lisa A. Mathewson*

| | |
|---|---|
| Thomas H. Geoghegan (*pro hac vice*) | Lisa A. Mathewson |
| Michael P. Persoon (*pro hac vice*) | The Law Offices of Lisa A. Mathewson, LLC |
| Sean Morales-Doyle (*pro hac vice*) | 123 South Broad Street, Suite 810 |
| Despres, Schwartz & Geoghegan, Ltd. | Philadelphia, PA 19109 |
| 77 West Washington Street, Suite 711 | 215-399-9592 |
| Chicago, Illinois 60602 | lam@mathewson-law.com |
| 312-372-2511 | |
| tgeoghegan@dsgchicago.com | |
| mpersoon@dsgchicago.com | |
| smoralesdoyle@dsgchicago.com | |
| | Brian A. Gordon |
| Alice W. Ballard, Esquire | Gordon & Ashworth, P.C. |
| Law Office of Alice W. Ballard, P.C. | One Belmont Ave., Suite 519 |
| 123 S. Broad Street, Suite 2135 | Bala Cynwyd, PA 19004 |
| Philadelphia, PA 19109 | 610-667-4500 |
| 215-893-9708 | briangordon249@gmail.com |
| awballard@awballard.com | |

CERTIFICATE OF SERVICE

      I hereby certify that on this date the foregoing document was served upon parties of record via the Court's ECF system.

                                                             /s/ *Lisa A. Mathewson*

November 27, 2017