IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOUIS AGRE, *et al.*<br><br>v.<br><br>**THOMAS W. WOLF**, Governor of Pennsylvania, **ROBERT TORRES**[*], Acting Secretary of State of Pennsylvania, **JONATHAN MARKS**, Commissioner of the Bureau of Elections – in their official capacities. | CIVIL ACTION<br><br>NO. 17-4392 |
|---|---|

### ORDER RE: ASSERTION OF LEGISLATIVE PRIVILEGE AND DELIBERATIVE PRIVILEGE AND "CONSENT" MOTION FOR PROTECTIVE ORDER

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

Issues have been presented which relate to the assertion by the Legislative Intervenor Defendants of legislative privilege and deliberative privilege, and a Privilege Log by Speaker Turzai (ECF 118).  This Court has previously entered an order denying Speaker Turzai's Motion for a Protective Order based on these privileges (ECF 114).  Counsel for Speaker Turzai have apparently interpreted that Order has extending only to Speaker Turzai's deposition.  The Court, however, intended it as a ruling on any assertion of legislative privilege or deliberative privilege. The Court notes that Senator Scarnati had filed a similar motion (ECF 111), but then counsel withdrew it (ECF 117).  It appears from the documents that Speaker Turzai's deposition is scheduled for Tuesday, November 28, 2017 and therefore this Court will rule promptly on pending motions related to this issue.

In addition, counsel for Plaintiffs and Speaker Turzai have entered into a "stipulated protective order" and filed a "Consent Motion for the Entry of Protective Order" (ECF 116),

---

[*] As of October 11, 2017, Robert Torres is the Acting Secretary of the Commonwealth of Pennsylvania and is hereby substituted as a defendant.  *See* Fed. R. Civ. P. 25(d).

which would keep any privileged material "confidential," with limited exceptions.  However, the Executive Defendants, Governor Wolf, et al. did not consent and have asserted an opposition to the entry of this protective order, primarily citing Pansy v. Borough of Stroudsburg, 23 F.3d 772 (3d Cir. 1994), which is the leading case in this Circuit limiting the designation of discovery materials, in a case of public interest, as confidential.

The Court has reviewed the "Joint Privilege Log Regarding Legislative Defendant Speaker Turzai's Privilege Log" (ECF 118 and 123) which contains statements by both Plaintiffs and Speaker Turzai on the assertion of this privilege.  The Court **OVERRULES** all of the Speaker's objections to producing documents based on legislative or deliberative privilege.  The Court has considered the claims in the case and the contents of the privilege log and has again concluded that the information is relevant and may shed light on the intent/motivation for the map; the information is sought in a serious litigation that seeks to enforce public rights; the information sought provides information about legislative purpose that cannot be obtain from alternate sources, and prohibiting access to such information "could thus obscure important evidence of the purpose and intent of the legislative action."  Benisek v. Lamone, 241 F. Supp.3d 566, 575-76 (D. Md. 2017).  We have considered whether ordering disclosure would have any chilling effect or future timidity on the part of the Legislature and have concluded that the serious issues in the case and the Legislature's role in crafting the redistricting plan at issue and the fact that the Legislature is the only source of the evidence concerning its intent and motivation all outweigh this minimal potential effect.

The Court notes that both Legislative Defendants, Speaker Turzai and Senator Scarnati, have filed a Notice of Additional Authority (ECF 110), which cites to a decision of Judge Brobson of the Commonwealth Court in the pending "Pennsylvania" litigation, enforcing

Pennsylvania's absolute privilege against discovery into legislative activity.  Although we have respect for the decision of the Commonwealth Court interpreting Pennsylvania law, we note that this is a federal court, adjudicating a claim under the Constitution and laws of the United States and pursuant to Fed. R. Evid. 501, we are guided by federal law in determining privilege issues.

This Court, on this 28th day of November, 2017, therefore **ORDERS** that Speaker Turzai shall produce all of the documents for which he has asserted legislative or deliberative privilege, prior to or during his deposition.

In addition, the Court will **DENY** the Consent Motion for Protective Order (ECF 116).

**BY THE COURT:**

/s/ Michael M. Baylson

**11/28/2017**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-4392 Agre v Wolf\17cv4392 order 3 - 11222017.docx