UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LOUIS AGRE, *et al.*,<br><br>        *Plaintiffs,*<br><br>v.<br><br>THOMAS W. WOLF, Governor of Pennsylvania, in his official capacity, *et al.*,<br><br>        *Defendants.* | CIVIL ACTION<br><br>No. 2:17-cv-4392 |

**EXECUTIVE BRANCH DEFENDANTS' BRIEF ON ELEMENTS OF CLAIMS AND LEGAL STANDARDS**

Thomas Wolf, Governor of Pennsylvania; Robert Torres, Acting Secretary of the Commonwealth of Pennsylvania; and Jonathan Marks, Commissioner of the Bureau of Elections, in their official capacities (together, the "Executive Branch Defendants") file this brief in accordance with the Court's direction that the parties "stat[e] the elements the Plaintiffs must prove to establish a violation of the Elections Clause and the First Amendment as alleged in the Amended Complaint and the evidentiary standard for Plaintiffs' burden of proof and whether there should be any 'burden shifting' to Defendants." Order dated Nov. 21, 2017, ECF No. 104, ¶ 4.

**I.    Because Plaintiffs Have Not Laid Out the Details of Their Theory, the Executive Branch Defendants Cannot Provide a Comprehensive Analysis of the Elements and Standards of Plaintiffs' Claims**

Plaintiffs' claims are novel and complex. Count I rests on an Elections Clause theory that the United States Supreme Court has never addressed. *See* Am. Compl. ¶¶ 56-63; Statement of Reasons for the Court's Decision on the Motion to Dismiss, ECF No. 83, at 1-2. Count II asserts a similarly novel claim involving the relationship between the First Amendment and the Elections Clause. *See* Am. Compl. ¶¶ 64-80. The Court has held that Count I is justiciable and

may proceed to trial, denying the motion to dismiss this claim filed by Speaker Michael C. Turzai and Senate President Pro Tempore Joseph B. Scarnati, III (together, the "Legislative Defendants"). *See* ECF No. 83. The Court has not yet ruled on whether Count II sets forth a claim on which relief may be granted.

Plaintiffs have explained that the elements of their claims are not those set forth in *Whitford v. Gill*, 218 F. Supp. 3d 837 (W.D. Wis. 2016), in which the panel synthesized the current body of law on partisan gerrymandering claims.[1] Plaintiffs also do not appear to embrace the First Amendment theory proposed by Justice Kennedy in *Vieth v. Jubelirer*, 541 U.S. 267, 314-15 (2004) (concurring opinion).[2] While it is thus clear that Plaintiffs' theory wholly differs from those asserted in these partisan gerrymandering cases, the parameters of Plaintiffs' novel theory are less clear. During this litigation, as the parties have conducted discovery and refined their theories, Plaintiffs' description of the elements of their claims and the standards required to establish them has evolved. *See, e.g.*, Transcript of Hearing dated Nov. 7, 2017, ECF No. 84, at 15 (question turns on use of "partisan criteria"); 44 (redistricting improperly partisan if done with

---

[1] The *Gill* panel concluded that "the First Amendment and the Equal Protection clause prohibit a redistricting scheme which (1) is intended to place a severe impediment on the effectiveness of the votes of individual citizens on the basis of their political affiliation, (2) has that effect, and (3) cannot be justified on other, legitimate legislative grounds." *Id.* at 884. It required plaintiffs to demonstrate that the legislature, in enacting a redistricting plan, acted with "an intent to entrench a political party in power" which, as a result, "impinges on the representational rights of those associated with the party out of power." *Id.* at 887. Under the *Gill* test, if plaintiffs show both intent and effect by a preponderance of the evidence, *id.* at 910, the evidentiary burden shifts to the legislature to justify the partisan effect of the plan with "legitimate state prerogatives and neutral factors . . . implicated in the districting process." *Gill*, 218 F. Supp. at 911.

[2] Under this theory, Plaintiffs would be required to show that the redistricting plan at issue "burdens the representational rights of [certain] voters for reasons of ideology, beliefs, or political association," which would establish a prima facie case of viewpoint discrimination under the First Amendment and thus trigger strict scrutiny. *Id*. Once Plaintiffs made that showing, the burden would shift to Defendants to show a compelling state interest that justifies the burden imposed upon the complaining voters' rights. *Id*.

"mixed motive"); *id.* at 51 (question is whether partisanship is "motivating factor"); Letter to Court dated Nov. 9, 2017, ECF No. 79-1 (burden of proof should be no greater than to show that partisan intent was "predominant motivating factor," and may be to show "a knowing or deliberate effort to influence the outcome of elections" for partisan reasons).

Plaintiffs' most developed explanation of their position to date is set forth in their Opposition to the Legislative Defendants' Motion to Dismiss (ECF No. 133), but this discussion is framed as a response to the Legislative Defendants' arguments; it does not set forth Plaintiffs' theories in a comprehensive way. Moreover, discovery is continuing, and the Executive Branch Defendants are uncertain about whether key information has yet to be produced. Therefore, it is possible that Plaintiffs may further refine their legal theories as a result of additional discovery.

Given their uncertainty about what Plaintiffs believe they need to show, the Executive Branch Defendants believe that they are not in a position, at this point, to weigh in on whether that showing will be adequate as a legal matter. Plaintiffs' brief on elements of claims and legal standards will likely clarify Plaintiffs' positions; if so, the Executive Branch Defendants reserve the right to respond.

**II.    Even if the Court Holds That the Burden of Proof Should Shift to the Defendants, Because the Executive Branch Defendants Lack Information About the Creation of the 2011 Plan, They Will Not Attempt to Make a Showing of Partisan Intent or Lack Thereof**

None of the Executive Branch Defendants played a role in the creation of the 2011 Plan, and the Executive Branch Defendants do not have access to the internal documents and communications that might reflect motivations underlying the Plan. Therefore, even if the Court determines that the burden of proof of intent should shift to the Defendants, the Executive Branch Defendants do not plan to present any evidence on this subject. The Executive Branch

Defendants reserve the right to revisit this position if they acquire, in discovery, information that would allow them to meet any shifted burden.

                                            Respectfully submitted,

                                            HANGLEY ARONCHICK SEGAL
                                            PUDLIN & SCHILLER

Dated: November 30, 2017          By: /s/ Mark A. Aronchick
                                            Mark A. Aronchick
                                            Michele D. Hangley
                                            Claudia De Palma
                                            Ashton R. Lattimore (Pro Hac Vice)
                                            One Logan Square, 27th Floor
                                            Philadelphia, PA 19103
                                            (215) 568-6200

                                            *Attorneys for Defendants Thomas W. Wolf, Governor of Pennsylvania; Robert Torres, Acting Secretary of the Commonwealth; and Jonathan Marks, Commissioner for the Bureau of Commissions, Elections, and Legislation, in their official capacities*

                                            Gregory G. Schwab
                                            Governor's Office of General Counsel
                                            333 Market Street, 17th Floor
                                            Harrisburg, PA 17101

                                            *Attorney for Defendant Governor Thomas Wolf, in his official capacity*

                                            Timothy E. Gates
                                            Kathleen M. Kotula
                                            Pennsylvania Department of State
                                            Office of Chief Counsel
                                            306 North Office Building
                                            Harrisburg, PA 17120

                                            *Attorneys for Defendants Acting Secretary of the Commonwealth Robert Torres and Commissioner Jonathan Marks, in their official capacities*

**<u>CERTIFICATE OF SERVICE</u>**

      I hereby certify that on November 30, 2017, I caused a true and correct copy of the foregoing Brief on Elements of Claims and Legal Standards to be electronically filed pursuant to the Court's electronic court filing system, and that the filing is available for downloading and viewing from the electronic court filing system by counsel for all parties.

<u>/s/ Michele D. Hangley</u>
Michele D. Hangley
