IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| LOUIS AGRE, *et al.*<br><br>v.<br><br>THOMAS W. WOLF, Governor of Pennsylvania, ROBERT TORRES, Acting Secretary of State of Pennsylvania, JONATHAN MARKS, Commissioner of the Bureau of Elections – in their official capacities. | CIVIL ACTION<br><br>NO. 17-4392 |
|---|---|

### ORDER RE: MOTION TO DISMISS AMENDED COMPLAINT

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

On November 7, 2017, we granted in part and denied in part the Legislative Defendants' Motion to Dismiss.  ECF 74.  The Motion to Dismiss was denied as to Count I (Privileges and Immunities Clause and Elections Clause), granted with prejudice as to Count II (Equal Protection Clause and Elections Clause), and granted without prejudice as to Count III (First Amendment and Elections Clause).  *Id.*

The Plaintiffs were granted leave to amend their complaint, including to re-plead the First Amendment count with greater specificity.  ECF 74.  As explained in the November 7th Order, and elaborated on in a Statement of Reasons that followed, the First Amendment count did not adequately allege a connection between the First Amendment and the Elections Clause.  *Id.*; ECF 83 at 3.  The Court expressed its confusion as to how the Elections Clause may be used to "enforce'" the First Amendment, as the Plaintiffs argued.  ECF 83 at 3.  And the Court found the factual basis for the harm allegedly suffered to be insufficient.  *Id.*  Nonetheless, because the First Amendment count presented possible contentions that could yet be legally plausible, the dismissal was without prejudice.  *Id.*

The Court's admonition was clear—for this claim to proceed, specific allegations showing a connection between the Elections Clause and the Freedom of Speech Clause in the First Amendment was necessary.  ECF 83 at 3-4.

On November 17, 2017, the Plaintiffs timely filed their Amended Complaint.  ECF 88.  On November 22, 2017, the Executive Defendants Answered and the Legislative Defendants filed a Motion to Dismiss the Amended Complaint.  ECF 109 and 108.  Upon review of the foregoing, as well as the Plaintiffs' Response in Opposition, ECF 133, the Court will **GRANT**, with prejudice, the Motion to Dismiss as to Count II, for failure to state a claim.  As to Count I and the other grounds asserted for dismissal, including on standing and those raised in the Supplemental Memorandum, ECF 124, the Motion to Dismiss will be **DENIED**.

The Court again applies the well-known standard for deciding Rule 12(b)(6) motions, which requires the Court to accept as true the well-pleaded factual allegations, together with all inferences favorable to the Plaintiffs.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).  In its previous ruling, the Court dismissed the Equal Protection claim based upon the Plaintiffs' failure to comply with Supreme Court guidance on partisan gerrymandering claims under that clause.  ECF 83 at 2-3 (citing *Davis v. Bandemer*, 478 U.S. 109 (1986); *Vieth v. Jubelirer*, 541 U.S. 267 (2004); and *League of United Latin Am. Citizens v. Perry*, 548 U.S. 399 (2006)).  While the Supreme Court has yet to agree upon a standard under the Fourteenth Amendment, the Plaintiffs' hybrid Elections Clause theory adds confusion rather than clarity.  *Id.* at 3.  The Court held, therefore, that the Plaintiffs failed in the Complaint to articulate an Equal Protection theory on which relief could be granted.  *Id.*

The Supreme Court has also spoken, albeit through separate opinions, on partisan gerrymandering claims under the First Amendment. For example, in *Vieth*, Justice Kennedy proposed that "[t]he First Amendment may be the more relevant constitutional provision in future cases that allege unconstitutional partisan gerrymandering." 541 U.S. at 314 (Kennedy, J., concurring in the judgment). He explained that such allegations "involve the First Amendment interest of not burdening or penalizing citizens because of their participation in the electoral process, their voting history, their association with a political party, or their expression of political views." *Id.* (citing *Elrod v. Burns*, 427 U.S. 347 (1976) (plurality opinion)). Justice Kennedy proposed that the inquiry would focus not on whether political classifications were considered, but on "whether political classifications were used to burden a group's representational rights." *Id.* at 315. He cautioned, however, that such an inquiry "depends first on courts' having available a manageable standard by which to measure the effect of the apportionment and so to conclude that the State did impose a burden or restriction on the rights of a party's voters." *Id.*

Since *Vieth* was decided, at least one Court has adopted a First Amendment test embracing Justice Kennedy's proposal. For example, in *Shapiro v. McManus*, 203 F. Supp. 3d 579 (D. Md. 2016), the District Court permitted a district-specific partisan gerrymandering claim to proceed on a retaliation theory. *Id.* at 585-86; 596-99. The pleadings in *Shapiro* alleged retaliation and provided very specific facts in support of the claim. *See id.* at 599 (discussing allegation of the Legislature's intent to punish the Plaintiffs for engaging in protected activity) (citing Second Amended Complaint ¶ 7(a)); *id.* at 588 (discussing allegation that a long-time incumbent's share of the vote "dropp[ed] from 61.45% to 37.9% in a single election cycle" following the alleged gerrymander) (quoting Second Amended Complaint ¶ 86)).

Despite Plaintiffs' assertions in their opposition brief, ECF 133 at 9, the Amended Complaint does not embrace a First Amendment theory of the kind contemplated by Justice Kennedy or adopted by the *Shapiro* Court. The Amended Complaint does not mention retaliation, it does not propose any manner of measuring the effect of the apportionment, and it provides little to no factual allegations supporting an injury under the First Amendment. To be sure, nothing requires the Plaintiffs to adopt Justice Kennedy's or the *Shapiro* Court's theories. But by invoking the First Amendment, with its rich history and abundant caselaw, the Plaintiffs must present a plausible theory. They have not done so.

Despite a second bite at the apple, the Amended Complaint fails to clarify the alleged connection between the First Amendment and the Elections Clause. As with the previously-raised Equal Protection count, the renewed First Amendment count remains a novel and hybrid claim that does not clearly articulate a legitimate theory on which relief can be granted. Accordingly, this action will proceed to trial on Count I only.

**IT IS THEREFORE NOW** on this 30th day of November, 2017, **ORDERED** that the Motion to Dismiss the Amended Complaint, ECF 108, is **GRANTED** in part and **DENIED** in part, as follows:

1. Count II of the Amended Complaint, ECF 88, is **DISMISSED**, with prejudice.
2. Any further relief is **DENIED**.

**BY THE COURT:**

s/D. Brooks Smith

**11/30/2017**

**D. BROOKS SMITH**
**Chief United States Circuit Judge**