# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LOUIS AGRE,** *et al.* | **CIVIL ACTION** |
| **v.** | **NO. 17-4392** |
| **THOMAS W. WOLF**, Governor of Pennsylvania, **ROBERT TORRES**, Acting Secretary of State of Pennsylvania**, JONATHAN MARKS**, Commissioner of the Bureau of Elections – in their official capacities. | |

## ORDER FOR PLAINTIFFS TO CLARIFY ELEMENTS OF PROOF

**BEFORE:  Smith, Chief Circuit Judge; Shwartz, Circuit Judge; Baylson, District Judge:**

We required counsel to submit briefs concerning the burden of proof, "elements Plaintiffs

must prove", and "evidentiary standards" that would apply, by Thursday, November 30, 2017

and have reviewed these carefully.  Since Plaintiffs are about to proceed with their case, we have

the following comments on the Plaintiffs' statements in their brief (ECF 157).

In general, we found the Plaintiffs' brief to be inconsistent and not sufficiently specific as

to what elements of proof their evidence must contain in order to satisfy Count I based on the

Elections Clause of the Constitution.

We understand there is no specific Supreme Court precedent for a claim such as

Plaintiffs' under the Elections Clause, but there are significant Supreme Court precedents

regarding the Elections Clause and gerrymandering, which we cannot ignore.

The Plaintiffs begin their brief with the following paragraph:

> In Count I plaintiffs are entitled to prevail when by a
> preponderance of the evidence they show that: (1) the defendants used
> partisan election data to create the 2011 Plan; and (2) defendants did so to
> serve their political interest. Put otherwise: plaintiffs should prevail if they
> show that the defendants used political criteria to create the 2011 Plan,
> without any necessity to do so. If so, defendants thereby engaged in an
> ultra vires act beyond their authority under the Elections Clause and

deprived plaintiffs of their rights as federal citizens to be free of such state
interference. (p. 1)

Although the above paragraph does not contain the word "intent," the third paragraph of

their brief states: "To establish unlawful intent in Count I . . . plaintiffs have the burden of

production of evidence . . ." and then discusses burden shifting to the Defendants assuming the

Plaintiffs have made a prima facie case.

Several paragraphs later, the Plaintiffs state:

Furthermore, the fact that some Congressional districts in the 2011 Plan
maybe consistent with traditional districting criteria such as compactness
is not sufficient to rebut the prima facie case that defendants had illegal
partisan intent, and plaintiffs are still entitled to prevail. (p.2)

This is the first mention of "partisan intent." Plaintiffs' argue that "predominant intent"

should not apply and state:

In this case, plaintiffs contend that under the Elections Clause, any
gerrymander of a federal election is unlawful when the state is seeking to
affect the outcome of the federal elections to Congress. *See U.S. Term
Limits v. Thornton*, 514 U.S. 779, 883-84 (1996). (p. 2)

Plaintiffs also state: "The required level of intent should be just one motivating factor"

(p. 3). In the next paragraph, the Plaintiffs say: "Once plaintiffs show intent and effect. . . ."This

appears to be the first time Plaintiffs have asserted "effect" as part of their burden but they offer

no explanation what the effect is, other than to say that the gerrymander must "affect the

outcome." The element of "affect the outcome" is new and not further defined. Moreover, the

language "affect the outcome" seems to differ from the Supreme Court's language that an

election regulation cannot dictate electoral outcomes or favor or disfavor a candidate. U.S. Term

Limits, Inc. v. Thorton, 517 U.S. 779, 833-34 (1995).

Plaintiffs make other assertions on page 4 of their brief that suggest that "[a]ny resulting

burden on the right to vote, however slight, is unlawful when it results from a law enacted with

the motive or intent of electing Republicans (or Democrats)." This appears to assert it is

sufficient for Plaintiffs to prove "motive" or "intent" and suggests an "absolute" standard in

which no partisan considerations are permitted. Plaintiffs continue:

> That is the distinctive nature of this claim: it is independently illegal for
> the state legislature to use any approach that attempts to affect the
> outcome of a federal election on a partisan basis. (p. 4)

Plaintiffs' standard seems to state that a map violates the Elections Clause if any partisan

consideration was used to draw even a single district line. Plaintiffs' effort to omit any

consideration of partisanship seems to ignore both that the political branches are usually the

entities involved in the creation of election procedures and the Supreme Court's observation,

albeit in gerrymandering cases under the First Amendment and Equal Protection Clause, that

politics is part of the districting process. See,e.g., Gaffney v. Cummings, 412 U.S. 735, 753

(1973) (observing that "[p]olitics and political considerations are inseparable from districting and

apportionment.").

These are only some examples. While Plaintiffs probably correctly identify the need for

the state defendants to show that the map complies with the Constitution, the state defendants'

obligation to shoulder this obligation will be triggered only if Plaintiffs provide a cognizable

standard and adduce proof that supports it. At this time, however, their brief provides no

consistent, specific statement of the "elements" Plaintiffs agree they must prove.

The Court also notes, having reviewed the revised McGlone report, that this expert limits

his opinion to certain specific Congressional districts within Pennsylvania, implicitly conceding

that there was no illegal gerrymandering as to the remaining districts. Plaintiffs will need to

explain why an entire map is void where they apparently do not expect to adduce proof that

every district has a boundary that violates the Elections Clause.

We have decided to proceed with this trial and to give Plaintiffs a chance to prove their claims. However, we are concerned that Plaintiffs have failed to state a specific and consistent standard that we should apply or one that is supported by the text of the Elections Clause, its history, and caselaw. We will give Plaintiffs one more opportunity to do that, for the last time by permitting them to submit a listing of the elements of their Elections Clause claim, set forth on a single page, akin to what would be provided in a jury instruction by December 4, 2017 at 9:00 a.m. Any failure to articulate such a cognizable standard may be considered by a motion under Fed. R. Civ. P. 50 at the close of Plaintiffs' case.

We understand Plaintiffs assert that the burden of proof should be "preponderance of the evidence." We are considering an elevated burden of proof, but have not made any decision on this point at this time.

**BY THE COURT:**

**/s/ Michael M. Baylson**

**12/1/2017**

**MICHAEL M. BAYLSON**
**United States District Court Judge**

O:\CIVIL 17\17-4392 Agre v Wolf\17cv4392 order Plaintiffs to Clarify Elements of Proof 12012017.docx