IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Louis Agre, William Ewing, Floyd Montgomery, Joy Montgomery, and Rayman Solomon, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 17-4392 |
| v. | ) ) | |
| Thomas W. Wolf, Governor of Pennsylvania, Pedro Cortes, Secretary of State of Pennsylvania, and Jonathan Marks, Commissioner of the Bureau of Elections, in their official capacities, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| Michael Turzai, Speaker of the Pennsylvania House, and Joseph Scarnati, President Pro Tem of the Pennsylvania Senate, in their Official capacities | ) ) ) ) | |
| Defendant-Intervenors | | |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

Plaintiffs respectfully submit this brief in support of their motion for sanctions pursuant to Fed. R. Civ. P. 37(b)(2) against Legislative Defendant Michael C. Turzai, in his official capacity as Speaker of the Pennsylvania House of Representatives (Speaker Turzai) and Joseph Scarnati, President Pro Tem of the Pennsylvania Senate, in his official capacity (Senator Scarnati)(collectively, "Legislative Defendants") for failure to comply

1

with the Orders of this Court of November 22, 2017 (ECF Doc. 114) and November 28, 2017 (ECF 142).

I. **Procedural and Factual History Requiring This Motion**

   A. **(Speaker Turzai)**

Speaker Turzai has made repeated efforts to block the production of documents as to which he asserts a legislative privilege or deliberative privilege, and he has continued to refuse to testify about matters to which he asserts the same privilege. He has continued until this day to block discovery despite the Orders of this Court.

On November 22, 2017, this Court issued an Order (ECF 114) denying the Speaker's motion for a protective order. Speaker Turzai had sought to invoke legislative privilege to bar any testimony about his deliberative process or subjective intent regarding the 2011 redistricting. The Court noted that the Speaker's motion also extended to information relating to fact finding, information gathering and investigative activities and arguably to production of documents that the Court had previously ordered. The November 22 Order then stated that "the Court sees no reason to protect any of this information from discovery in this case." The November 22 Order hence made clear that no discovery should be withheld on the basis of the Legislative Privilege, including the discovery listed earlier in the order (i.e., production of documents).

Six days later, the Plaintiffs' counsel took the Speaker's deposition, and again, the Speaker asserted a legislative or deliberative privilege, in contravention of the November 22 Order. At the time of the deposition, the Speaker had been dilatory in producing the

documents that he had previously withheld on the assertion of Legislative Privilege; this failure to produce documents was also in contravention of the November 22 Order.

The Court entered another Order on November 28, 2017 (ECF 142) making even more explicit that Speaker Turzai's interpretation of the November 22 Order to apply only to Speaker Turzai's deposition was incorrect. The Court made crystal clear that its order overruling the assertion of a legislative or deliberative privilege applied to all discovery in the case. The November 28 Order unambiguously required that Speaker Turzai "shall produce all of the documents for which he has asserted legislative or deliberative privilege prior to or during his deposition."

The parties received the November 28 Order while the deposition of Speaker Turzai was being conducted, and went off the record so that all counsel would have an opportunity to read the Order. Turzai Tr. at 125:6-10 (**Exhibit A**). Counsel for Plaintiffs and for the Executive Defendants asked that the documents be produced immediately during the deposition, and/or that the deposition be kept open until the documents were produced. Turzai Tr. at 141:5 – 143:3; 161:13-19 (**Exhibit A)**. Counsel for Speaker Turzai refused, stating: "We are not agreeing to keep the deposition open. With respect to any production, we're just reading the Order as you are and we will probably take an appeal." Turzai Tr. at 141:17-21 (**Exhibit A**).

Speaker Turzai improperly asserted Legislative Privilege and refused to answer questions on that basis numerous times in his deposition. The improper assertions of Legislative Privilege are listed in the chart attached as **Exhibit B**. They include many instances in which Speaker Turzai was directed not to answer questions about communications with other legislators or members of the legislative staff. As a result of

3

those improper assertions of privilege and of Speaker Turzai's refusal to keep the deposition open so the plaintiffs could have the benefit of the discovery ordered by the November 28 Order, plaintiffs were prevented from inquiring about essential issues concerning Speaker Turzai's intent and discussions with other legislators and legislative aides about the purpose and effect of the redistricting plan. Of course, plaintiffs were also hamstrung in their questioning of Speaker Turzai because he had not yet fully complied with the November 22 order requiring production of documents that might shed light on the deliberative process.

Now, on the day before trial, Speaker Turzai has still not fully complied with the Court's Orders to produce documents. Although Speaker Turzai produced *some* of the documents as to which the Legislative Privilege had been asserted, a large number of documents were never produced. Attached hereto as **Exhibit C** is a copy of the Turzai privilege log. Attached hereto as **Exhibit D** is a list of bates numbers that appear, upon expedited review, to NOT have been produced despite Court Orders. Most of the documents on **Exhibit D** asserted only legislative privilege. Some, as noted on the table, also raised assertions of Attorney Client or Work Product privileges. However, those privileges do not apply because there is no indication that there was attorney involvement or that the documents were prepared in anticipation of litigation.

### B. Deposition of Senate President Scarnati

The deposition of Senator Scarnati took place on November 29, 2017, after all parties were in receipt of the Court's November 28 Order. Despite the November 28 Order, Sen. Scarnati's counsel instructed him not to answer any questions about communications with other legislators or their staffs. Scarnati Tr. at 66:9-21 (**Exhibit E**).

**II.     Legal Argument**

Federal Rule of Civil Procedure 37(b)(2)(A) provides this Court discretion to issue sanctions against a party that fails to obey an order to provide discovery.  The rule provides for several possible sanctions, the first of which is, "**directing that the matters embraced in the order or other designated facts be taken as established** for purposes of the action, as the prevailing party claims." Fed. R. Civ. P. 37(b)(2)(A)(i)(emphasis added).

Defendants Speaker Turzai and Sen. Scarnati have failed to comply with the Court's Orders.  he documents that Speaker Turzai has not produced and the questions that he was not permitted to answer at his deposition could be or could have led to key evidence of the intent of the legislature or its staff.  Indeed, most of the documents are described on the privilege log as "communication and deliberation concerning the legislation for the 2011 Congressional Redistricting Plan."  It is likely that if these documents had been produced in time for Speaker Turzai's deposition, plaintiffs and the Court would have far better evidence of the true intention behind the redistricting plan.

Defendants have ignored the plain language of multiple court orders, in delaying documents production, and then producing only part of what was  explicitly ordered for production (for the second time) on November 28, and then refusing to respond to legitimate questions at their depositions.  Defendants' actions show a bad faith disregard for the Orders of this Court, and a sanction is called for.

Defendants are trying to hide evidence of their intent to gerrymander in enacting the 2011 redistricting plan, and they are ignoring Court Orders to allow discovery on the issue.   As a sanction for this violation,  it should be taken as established that the 2011

Congressional redistricting was intended to substantially influence the composition of Pennsylvania's Congressional delegation in favor of Republicans.

**CONCLUSION**

Because of the Defendants' continuing disregard for the Court's Orders on issues essential to the case, plaintiffs respectfully request that sanctions be issued.

Respectfully submitted,

**HARDWICK BENFER, LLC**


BY: /s/Virginia L. Hardwick

**VIRGINIA L. HARDWICK, ESQ.**
**HARDWICK BENFER, LLC**
179 North Broad Street
Doylestown, PA 18901
(215) 230-1912

Alice W. Ballard, Esq.
Law Office of Alice W. Ballard, P.C.
123 S. Broad St, Suite 2135
Philadelphia, PA 19109
(215)893-9708
*Attorneys for Plaintiff, co-counsel*

Dated: December 3, 2017