IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **Louis Agre** *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No. 2:17-cv-4392 |
| | : | |
| v. | : | |
| | : | |
| **Thomas W. Wolf** *et al.*, | : | |
| | : | |
| Defendants. | : | |

### **RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs' Motion for Sanctions is meritless and contains a number of inaccuracies regarding document production and the depositions of the Speaker and Senator Scarnati. Plaintiffs' motion ignores the Legislative Defendants' compliance with the Court's Orders, flouts Rule 37(a)(1) requiring the parties to meet and confer in advance of filing such a motion, and manifests that Plaintiffs never bothered to open the documents the Speaker produced. Instead, Plaintiffs have hastily attempted to fabricate alleged discovery violations in order to justify an extraordinary request for relief: that the Court find as established facts that Plaintiffs cannot prove regardless of the discovery conducted. For the reasons more fully explained below, Plaintiffs' Motion for Sanctions should be denied.

**A. Standard of Review**

The sanction of directing certain facts to be taken as established for purposes of an action "will be tantamount to dismissal in some cases." *Marshall v. Segona*, 621 F.2d 763 (5th Cir. 1980).[1] "[D]ismissals with prejudice or defaults are drastic sanctions that have been termed

---

[1] Legislative Defendants do not admit that Plaintiffs' requested sanction would be tantamount to a ruling on the merits in this action. Indeed, insofar as Plaintiffs have failed to articulate an actual standard for the Court to utilize or the elements for their novel claim, it is impossible for Legislative Defendants to determine what facts are needed to establish Plaintiffs' claims.

'extreme' by the Supreme Court." *Perna v. Elec. Data Sys., Corp.*, 916 F. Supp. 388 (D.N.J. 1995) (citing *Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639 (1976)). "Rule 37 should not be construed to authorize dismissal of a complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner." *Nat'l Hockey League*, 427 U.S. at 640 (1976). "[D]ismissal is too harsh a sanction where a number of factors, singly or in in combination, are present." *Marshall*, 621 F.2d at 767-68 (5th Cir. 1980). Sanctions as severe as dismissal are not appropriate unless the Court considers whether a "less severe sanction than dismissal will serve the ends of justice." *Titus v. Mercedes Benz of N.A.*, 695 F.2d 746, 751 (3d Cir. 1982). Because of their potency, the Court's inherent power to sanction "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991).

None of the issues identified by Plaintiffs in their Motion for Sanctions meet the above standard, and as such the Motion should be denied.

### B. The Speaker's Deposition

On November 22, 2017,[2] the Court issued an Order, (ECF No. 114), denying the Speaker's Motion for Protective Order with respect to the Speaker's deposition ("Deposition Order"). The Speaker's Motion for Protective Order, and the Court's Deposition Order, did not address the production of documents. Rather, under the order in response to Plaintiffs' Motion to Compel concerning document production (ECF No. 76) ("Initial Document Production Order"), the parties' Joint Privilege Log was not due until November 24, 2017.

In the Court's Deposition Order, the Court stated that it "does not recognize as authoritative any precedent that implies that the Speaker can refuse to answer questions about his

---

[2] November 22, 2017 was the day before Thanksgiving.

own intent, motive, communications with the public *or outside of the members and staff of the legislature*." (ECF No. 114) (emphasis added). The Speaker understood this ruling to mean that communications with the members and staff of the legislature were protected by legislative privilege. Indeed, had the Court not intended to uphold the privilege with respect to communications with members and staff of the legislature, the entire prepositional phrase "with the public or outside of the members and staff of the legislature" could simply and more clearly have been shortened to "with anyone."

The Speaker's deposition began at 9:00 a.m. on November 28, 2017, and it was agreed between the parties that the deposition would conclude no later than 1:00p.m.-1:15 p.m. Consistent with the Speaker's understanding of the Court's Deposition Order, counsel for the Speaker asserted objections under the legislative privilege to questions concerning communications with members and staff of the legislature. Although Plaintiffs' counsel suggested that clarification from the Court may be necessary, Plaintiffs' counsel never pursued the matter during the deposition, and never revisited the objected-to questions during the deposition. By waiting until trial to bring the matter to the Court's attention, Plaintiff has waived the issue.

Exhibit B to Plaintiffs' Motion for Sanctions lists 11 objections raised during the Speaker's deposition. (*See* Doc. 175-3). Of those 11 objections, two were raised in response to questions regarding the staff that worked on the maps and who gave them direction; the Speaker subsequently answered these questions during his deposition. (*See, e.g.*, M. Turzai Dep. Tr. at 98, 134). The remaining objections—as acknowledged by Plaintiffs in Exhibit B to their motion—were partial objections, in effect instructing the Speaker to respond except to the extent

3

he would be required to divulge information covered by the privilege. Generally, the Speaker gave substantive responses following those objections.

At 12:13 p.m. on November 28, 2017,[3] with less than an hour remaining in the agreed-upon time for the Speaker's deposition, the Court entered an Order (ECF No. 142) overruling the Speaker's objections to producing documents based on legislative or deliberative privilege (the "Subsequent Document Production Order"). Plaintiffs' counsel suggested keeping the deposition open, but counsel for the Speaker objected, noting that Plaintiffs knowingly scheduled and took the deposition of the Speaker prior to a ruling from the Court regarding document production. *See also* FED. R. CIV. P. 26(d)(3) (methods of discovery may be used in any sequence). Counsel for the Speaker also advised that the Subsequent Document Production Order was being reviewed and the Speaker needed an opportunity to consider an appeal. At approximately 1:15 p.m., the agreed-upon time, the deposition was concluded.

In the days following, Plaintiffs made no attempts to reschedule the deposition of the Speaker. In fact, in violation of Federal Rule of Civil Procedure 37(a)(1) requiring the parties to meet and confer before the filing of discovery motions, Plaintiffs raised no further issues with the Speaker's deposition or the privilege objections raised therein until their Motion for Sanctions was filed the night before trial.

The privilege objections raised during the Speaker's deposition were based on a good faith reading of this Court's Deposition Order, which stated only that the privilege did not apply to communications with persons outside of members and staff of the legislature. Other than note their disagreement, Plaintiffs did not further confer with counsel for the Speaker or seek the

---

[3] Attached hereto as **Exhibit** 1 is a copy of the time stamped notification of the Court's Order at ECF 142 reflecting that the Order was filed at 12:13 p.m.

4

intervention of the Court until approximately 11:00 p.m. the night before trial when they filed their Motion for Sanctions. No sanctions are warranted under these circumstances.

   **C.**  **The Speaker's Document Production**

Pursuant to the Court's Subsequent Document Production Order, on November 30, 2017, the Speaker produced the documents identified in his privilege log as protected only by the legislative privilege. The Speaker produced the documents via 7 emails containing ZIP files. Each ZIP file contained a number of PDF documents, some of which consisted of multiple pages.

The vast majority of Plaintiffs' objections with the Speaker's document production concern these multi-page PDF documents. While the title given to a particular PDF bears the beginning Bates number, such as "Turzai-00226," one can readily determine upon opening the document that the file titled "Turzai-00226" contains two pages, bates-stamped Turzai-00226 *and* Turzai-00227. Attached as **Exhibit** 2 is a Chart explaining the Speaker's production for each document identified by Plaintiffs as allegedly not produced. Thus, rather than actually opening the documents produced, Plaintiffs appear to have merely looked at the titles of the documents and assumed documents were not produced. Thus, Plaintiffs are arguing on the one hand that the requested documents are "essential," while on the other hand Plaintiffs have made manifest that they never bothered to review these "essential" documents.

The remainder of Plaintiffs' objections regarding the Speaker's document production concern (1) the withholding of documents on the basis of other privileges, including the attorney-client privilege or work product doctrine and (2) the withholding of portions of large collections of documents of which only a small portion were responsive. The Speaker's objections regarding attorney client privilege and work product doctrine were not overruled, and therefore

those documents were not produced. Of the non-privileged documents, the Speaker withheld unresponsive pages of his calendars; these calendars spanned multiple days and weeks, and many of the pages either had personal information, information unrelated to the claims and defenses at issue here, or were blank. With trial set to begin 4 days after the document production, the Speaker produced only those calendar pages which contained responsive entries.

In violation of Federal Rule of Civil Procedure 37(a)(1), Plaintiffs did not raise any objections to the Speaker's document production or confer with the Speaker's counsel prior to filing their Motion for Sanctions at 11:00 p.m. the night before trial. In any event, Plaintiffs' complaints about the Speaker's document production are unfounded, and are based on Plaintiffs apparent failure to open the documents produced. The Speaker complied with the Court's Orders in all respects, and therefore sanctions are not warranted.

**D.    Senator Scarnati's Deposition**

Senator Scarnati's deposition took place on November 29, 2017. Like the Speaker, Senator Scarnati understood the Court's ruling to mean that communications with the members and staff of the legislature were protected by legislative privilege. There were very minimal privilege objections raised during Senator Scarnati's deposition, and all such objections were raised in good faith. In fact, Senator Scarnati's counsel was clear about this position on the record, stating that, consistent with the privilege objections in the Speaker's deposition, he would object to any questioning having to do with the Senator's communications with other members of the General Assembly as well as staff members. But notably, counsel confirmed that Senator Scarnati's communications with Congressional members or even his own motivations were fair game. There was no pushback or any reaction at all from Plaintiffs' counsel regarding that position when it was raised during the deposition. Indeed, the privilege was raised minimally,

and, in some instances, the Senator had no recollection about the question being asked anyway. Ultimately, the deposition proceeded in good faith and as required under the Court's Order.

Plaintiffs never conferred with Senator Scarnati's counsel before filing their late-night Motion for Sanctions, and did not take any steps to remediate the issues raised in it since the deposition took place last week. And the Motion itself makes only a broad strokes complaint about the privilege. There is no statement of how Plaintiffs have been allegedly prejudiced by the good-faith raising of privilege objections. Nor have Plaintiffs meaningfully described exactly what they believe is sanctionable. Their lone citation of any alleged violation is to a single page of the Senator Scarnati deposition transcript (*see* Br. at 4). But they fail to point out that in the instance cited, the Senator's counsel instructed the witness not to answer *only* to the extent Plaintiffs' counsel was asking him about communications he had with other legislators from the General Assembly and/or their staffs. To the extent that particular question pertained to third parties or even the Senator's own mental impressions, counsel made clear that he was of course free to answer that. The objection reflects Legislative Defendants' good faith interpretation of the Order with respect to legislative privilege—an interpretation well-founded in that Order. Significantly, Plaintiffs' counsel did not attempt to force the issue, or otherwise argue that the objection was unsupported by the Court's Order. For Plaintiffs' counsel to raise this issue now—literally at the eleventh hour the night before trial—is too late, and should not be countenanced by this Court. Sanctions are not warranted here and the Motion should be denied.

## **CONCLUSION**

Plaintiffs have not demonstrated any sanctionable conduct by the Speaker either during his deposition or with respect to the document production. So too have Plaintiffs failed to show any sanctionable conduct in connection with Senator Scarnati's deposition. The Legislative

Defendants have complied with this Court's Orders. The relief requested by Plaintiffs is "extreme" and is completely unwarranted here. Plaintiffs should not be rewarded for (1) failing to diligently pursue any disagreements they had regarding the Speaker's assertion of the privilege during his deposition, (2) apparently failing to open the documents the Speaker produced; and (3) failing to meet and confer before filing the subject motion. Accordingly, the Legislative Defendants respectfully request that this Court deny Plaintiffs' Motion for Sanctions.

Dated:  December 4, 2017                                    Respectfully submitted,

**BLANK ROME LLP**                                          **CIPRIANI & WERNER, P.C.**

 */s/  Brian S. Paszamant*                                   */s/  Kathleen A. Gallagher*
BRIAN S. PASZAMANT                                          KATHLEEN A. GALLAGHER
JASON A. SNYDERMAN                                          CAROLYN BATZ MCGEE
JOHN P. WIXTED                                              650 Washington Road, Suite 700
One Logan Square                                            Pittsburgh, Pennsylvania  15228
130 N. 18th Street                                          Phone: 412-563-4978
Philadelphia, Pennsylvania 19103                            Email: kgallagher@c-wlaw.com
Phone: 215-569-5791                                         cmcgee@c-wlaw.com
Facsimile: 215-832-5791
Email: paszamant@blankrome.com                              *Attorneys for Legislative Defendant*
snyderman@blankrome.com                                     *Representative Michael Turzai*
jwixted@blankrome.com

*Attorneys for Legislative Defendant*
*Senator Joseph Scarnati III*

| HOLTZMAN VOGEL JOSEFIAK TORCHINSKY PLLC | BAKER & HOSTETLER LLP |
|---|---|
| /s/ Jason Torchinsky | /s/ Patrick T. Lewis |
| JASON TORCHINSKY (admitted *Pro Hac Vice*)<br>SHAWN SHEEHY (admitted *Pro Hac Vice*)<br>PHILLIP M GORDON (admitted *Pro Hac Vice*)<br>45 North Hill Drive, Suite 100<br>Warrenton, Virginia 20186<br>Phone: 540-341-8808<br>Facsimile: 540-341-8809<br>Email: jtorchinsky@hvjt.law<br>ssheehy@hvjt.law<br><br>*Attorneys for Legislative Defendants Senator Joseph Scarnati III and Representative Michael Turzai* | PATRICK T. LEWIS<br>(admitted *Pro Hac Vice*)<br>Key Tower<br>127 Public Square<br>Suite 2000<br>Cleveland, Ohio  44114<br>Phone: 216-621-0200<br>Email: plewis@bakerlaw.com<br><br>*Attorney for Legislative Defendant Representative Michael Turzai* |